# Richmond

PAUL SAMUEL VENEY V. COMMONWEALTH OF VIRGINIA.

April 24, 1972.

Record No. 7879.

Present, All the Justices.

*James C. Breeden (Ammon G. Dunton; Dunton, Simmons &
Dunton,* on brief), for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller,
Attorney General,* on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

The defendant, Paul Samuel Veney, was convicted by the trial
court, sitting without a jury, of grand larceny for receiving stolen
goods of the value of $100.00 or more. (Code §§ 18.1-100, -107.)
He was sentenced to serve twelve months in jail, four months of
which were suspended. We granted him a writ of error.

The sole question to be decided is whether the Commonwealth
proved beyond a reasonable doubt that the property received by
the defendant, an automobile motor, had a value of $100.00 or more
at the time he received it.

The evidence showed that in July, 1968, James Hansen purchased
a new 1968 Ford Mustang with a V-8 motor for $3,601.76. On

August 16, 1968, after the automobile had been driven only 2100 to 2500 miles, it was stolen from Hansen's driveway in Alexandria. Four days later, the sheriff of Westmoreland County found a motor, later identified as having been taken from Hansen's automobile, in a wooded area of that county. The paint on the motor was in "excellent shape."

The sheriff and his deputies laid in wait in the woods. The defendant and five companions appeared on the scene and were arrested as they were loading the motor into the trunk of an automobile. The "shell" of Hansen's vehicle was found the next day approximately five miles away.

At trial, James H. Doleman, the manager of a local Ford dealership, testified that in the latter part of August, 1968, he had examined a 1968 Mustang engine at the county jail. He stated that the engine was in good condition. He gave his opinion that the "cost price on a new engine" was $1,200.00 and that the "true market value" of the engine he had examined was approximately $600.00.

The defendant points out, and correctly so, that there was no showing that the motor appraised at the jail by Doleman was the same found by the sheriff in the defendant's possession. The defendant contends that since the motor appraised by Doleman was not so identified, the evidence was insufficient to show that the stolen motor had a value of $100.00 or more at the time he received it.

We do not agree. It should, of course, have been an easy matter for the Commonwealth to have connected the motor appraised by Doleman with the motor found in the defendant's possession. Had that connection been shown, there would have been direct evidence of the value of the motor at the time the defendant received it. But direct proof of a fact is not essential if circumstantial evidence proves the same fact and at the same time excludes every reasonable hypothesis to the contrary. *Wright* v. *Commonwealth*, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954).

The trial court had before it the testimony of Hansen that his vehicle originally cost $3,600.00 and was practically new when stolen. The court had the testimony of Doleman, the effect of which was that a motor similar in make and condition to that taken from Hansen's vehicle had a value of $600.00. And the court had the testimony of the sheriff that the motor, with its paint in "excellent shape," and the "shell" of Hansen's vehicle were found only a few days after

the theft in a county which, for a modern automobile, was only a short driving distance from the scene of the theft.

This evidence and the inferences to be drawn therefrom warrant, in our opinion, the reasonable conclusion that the stolen motor had a value of $100.00 or more at the time the defendant received it. *See Hicks* v. *Commonwealth,* 157 Va. 939, 944, 161 S.E. 919, 920-21 (1932). We recognize it is possible that the motor could have been damaged in some way during the four days between its theft and its discovery in the defendant's possession, thereby reducing its value below $100.00. However, it is not reasonable to infer, in the absence of any evidence to support such an inference, that it was so damaged. Thus, the circumstantial evidence before the trial court established the value of the motor at $100.00 or more and excluded every reasonable hypothesis that it was of a value less than $100.00.

The judgment of the trial court will be affirmed.

*Affirmed.*