## Richmond

### JACK WAYNE KNIGHT

### V.

### COMMONWEALTH OF VIRGINIA

March 11, 1983.

Record No. 820328.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson,*
Stephenson and Russell, JJ.

* Justice Thompson participated in the hearing and decision of this case prior to the effective date of his retirement on March 2, 1983.

86

*William E. Bobbitt, Jr.*, for appellant.

*Thomas D. Bagwell, Assistant Attorney General (Gerald L. Baliles, Attorney General; Linwood T. Wells, Jr., Assistant Attorney General*, on brief), for appellee.

POFF, J., delivered the opinion of the Court.

Convicted in a bench trial, Jack Wayne Knight was sentenced to confinement in the penitentiary for 12 years with 10 suspended for statutory burglary, Code § 18.2-91, two years for grand larceny, § 18.2-95, and two years for arson, § 18.2-82. Defendant assigns error to the larceny and arson convictions.

The situs of the crimes was Showker's Department Store. The store was located on the first floor of a building containing two apartments on the second floor. Blanche Showker, the owner, locked the store at 9:35 p.m. on March 13, 1981. At 10:25 p.m., she received a telephone call advising her that the store was afire. The fire was extinguished before it reached the apartments, and some of the merchandise suffered only smoke damage.

The Commonwealth proved by eyewitness testimony that defendant and Preston Knight broke the lock on the door, entered the store, and stole a number of items. Larry Sprouse, who saw the burglars enter, testified that when they came out, Preston was carrying "a light blue jean coat". Later, Sprouse learned that defendant had taken "one or two" Mickey Mouse watches and Preston "a couple". This testimony was never contradicted, and defendant raised no challenge to the burglary conviction at trial or on appeal. Attacking his conviction of grand larceny, defendant contends that the Commonwealth failed "to establish that the value of the items taken was in excess of $200" as required under the amendment to § 18.2-95, Acts 1980, c. 175.

David Showker, Jr., who described himself as a farmer, had assisted his sister Blanche in the operation of her store for more than 30 years. After the blaze was extinguished, Showker inspected the premises. He found that "a group of jackets" which he had examined earlier that day had escaped the fire, and he "noticed a few of those were missing." He also found "several watches missing out of the case." He estimated the price range of the jackets at $20.00 to "[m]aybe $45.00" and the watches at "$19.00 to about $35.00 or $40.00." Asked if he had "made an effort to approximate a value of these watches and jackets," Showker said, "I would say, just guessing, that was missing, was probably around $300.00 worth, or more."

▊ The value of the goods specified in the grand larceny statute is an essential element of the crime, and the Commonwealth bears the burden of proving that element beyond a reasonable doubt.

> Proof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount.

*Wright* v. *Commonwealth*, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954).

▊ Defendant concedes sufficiency of the proof of petit larceny. But he argues, and we agree, that the evidence was insufficient to support the conviction of grand larceny. It is impossible to determine from the evidence the Commonwealth produced at trial how many of which items were stolen, the value of any individual item, or the cumulative value of all. At best, Showker's estimate was a random guess. As we said in *Dunn* v. *Commonwealth*, 222 Va. 704, 705-06, 284 S.E.2d 792, 793 (1981), "the verdict could have been based only upon speculation and conjecture and cannot be permitted to stand."

Defendant was convicted of a violation of Code § 18.2-82 which provides:

> If any person while in any building or other structure unlawfully, with intent to commit a felony therein, shall burn or cause to be burned, in whole or in part, such building or other structure, the burning of which is not punishable under

any other section of this chapter, he shall be guilty of a Class 4 felony.

■ On appeal, defendant relies upon the presumption that a fire was caused by accident and invokes the rule that "the Commonwealth ha[s] the burden of proving that the fire . . . was of incendiary origin and that the defendant was the guilty agent in the burning." *Simmons* v. *Commonwealth*, 208 Va. 778, 782, 160 S.E.2d 569, 573 (1968).

But this presumption is rebuttable. Whether the origin of a fire was accidental or incendiary is a question of fact, and resolution of that question may, and often must, turn upon the weight of circumstantial evidence. Virginia State Police Arson Investigator D. D. Kelley testified that, because the damage was only partial, it was easy to determine, as he did, that the fire started at a point on the floor beneath a rack of dresses. The dresses were inherently flammable, there were no volatile liquids nearby, and tests conducted by the forensic laboratory verified Kelley's opinion that no accelerants were involved. Although there were "no electrical boxes or wiring in that vicinity" and "the current had been on when the fire department arrived", Kelley checked the entire electrical system and found no "shorts" or malfunctions. Nor could he find any evidence symptomatic of a fire caused by lightning.

We are of opinion that the evidence effectively overcomes the presumption of accident and fairly supports the trial court's conclusion that the fire was of incendiary origin. And the evidence, circumstantial and direct, leaves no reasonable doubt that defendant was guilty as one of the principal criminal agents. Blanche Showker locked the store at 9:35 p.m. The fire was reported at 10:25 p.m. During that interval, Sprouse saw defendant and Preston Knight enter and leave the store. Asked if he saw a flame, Sprouse testified, "I thought I did but I couldn't be sure." He explained, "I was drunk and [I] seen a glitter, but it could have been a light shining [in] the window."

■ Code § 18.2-82 requires the Commonwealth to prove that the burning occurred while the accused was in the building "with intent to commit a felony". Defendant argues that "if the evidence is sufficient only to prove petit larceny then . . . the requirement of an intent to commit a felony is not present" and the arson conviction should be reversed. We disagree.

The gravamen of the offense defined by Code § 18.2-82 is arson. That statute does not require proof of intent to commit felonious larceny; if all other statutory elements are established, proof of intent to commit "a felony" is sufficient. It is undisputed that defendant intended to commit and did commit statutory burglary in violation of Code § 18.2-91. Under that statute, the offense is a felony when the criminal purpose is larceny, whether grand or petit. Hence, insofar as defendant's conviction of arson is concerned, it is immaterial that the evidence was insufficient to prove the value of the goods stolen.

■ Finally, defendant asks us to reverse his arson conviction on the ground the indictment was laid under the wrong statute. Code § 18.2-82 proscribes the burning of "any building or other structure . . . the burning of which is not punishable under any other section of this chapter." Defendant notes that Showker's building was a combination store and apartment building and, accordingly, he concludes that the burning offense could have been prosecuted and punished under either § 18.2-77 ("dwelling house, etc.") or § 18.2-79 ("meeting house, etc.").

Defendant misreads the language in § 18.2-82 on which he relies. As we construe its import, the legislative intent was not, as he believes, to exclude burnings proscribed by other sections of the arson chapter, but rather to enlarge the compass of the chapter by including burnings not otherwise proscribed. Showker's building, a multi-purpose structure which ill fits the limited definition of buildings mentioned elsewhere in the chapter, falls · squarely within the meaning of "any building or other structure". We hold, therefore, that the indictment was laid under the proper statute and fairly informed defendant of the nature and cause of the accusation against him.

As to the convictions of statutory burglary and arson, we will affirm the judgment. As to the grand larceny conviction, we will reverse the judgment and remand the case for a trial on a charge of petit larceny, if the Commonwealth be so advised.

*Affirmed in part,*
*reversed in part,*
*and remanded.*