COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


MICHAEL JOSEPH ABOLZADEH

v.   Record No. 2518-94-4                    MEMORANDUM OPINION[*]
                                         BY JUDGE CHARLES H. DUFF
COMMONWEALTH OF VIRGINIA                       JUNE 11, 1996


              FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                       Richard B. Potter, Judge

            Ralph E. Kipp (Laurie E. Forbes; Lawson, Kipp
            & Forbes, on briefs), for appellant.

            John K. Byrum, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General; Robert B. Condon, Assistant Attorney
            General, on brief), for appellee.


     Appellant, Michael Joseph Abolzadeh, was convicted of grand

larceny.

     He argues that (1) the trial court erred in giving a grand

larceny instruction, and (2) the evidence was insufficient to

support the conviction.  We disagree and affirm.  On the night of

January 18, 1994, the victim visited the apartment of a friend.

Shortly after his arrival, Cornell Evans and appellant entered

the apartment.  The victim testified that Evans and appellant

"started hitting [him]."  Appellant took the victim's bracelet, a

watch, a chain from around the victim's neck and two earrings

from the victim's ears.  Evans removed three rings from the

victim's fingers.  The perpetrators also stole the victim's

     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

wallet, which contained either $166 or $165.

From the view we take of the case, the dispositive question is whether the evidence was sufficient to frame a jury issue as to the value of the property taken.  We hold that it was sufficient.

The record showed that $165 cash was taken from the victim. Also taken were the following items of personal property:
- 1 Gucci link chain with a cross
- 1 Polo ring
- 1 Bracelet
- 2 Other rings
- 1 Watch
- 2 Earrings

As to value, the victim testified that he paid sixty-five dollars for the bracelet two years before the robbery and that he paid $250 for one of the rings, but did not remember when.  The watch was in the same condition at trial as when it was taken. The bracelet, which was apparently broken during the robbery, was described as being in better condition when taken.

In light of the evidence showing that $165 was taken in the offense, the narrow issue presented is whether the owner's testimony of the price paid for the jewelry, combined with the evidence of their condition at the time of the offense, was sufficient to support a jury finding that the jewelry had a value of thirty-five dollars.

> "It is generally recognized that the opinion testimony of the owner of property, because of his relationship as owner, is competent and admissible on the question of the value of such property, regardless of his knowledge of property values.  It is not necessary to

> show that he was acquainted with the market value of such property or that he is an expert on values. He is deemed qualified by reason of his relationship as owner to give estimates of the value of what he owns. The weight of such testimony is, of course, affected by his knowledge of the value."

Hayes v. Glenn, 197 Va. 746, 750, 91 S.E.2d 433, 436 (1956) (citation omitted). See also Walls v. Commonwealth, 248 Va. 480, 482, 450 S.E.2d 363, 364 (1994).

Value, like any other fact in a case, may be proved by circumstantial evidence. "[D]irect proof of a fact is not essential if circumstantial evidence proves the same fact and at the same time excludes every reasonable hypothesis to the contrary." Veney v. Commonwealth, 212 Va. 805, 806, 188 S.E.2d 80, 81 (1972). In this case we hold that it does. The jury believed the testimony of the victim concerning the amount of cash taken and the value of the stolen jewelry. "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The victim's testimony was competent and was not inherently incredible.

Nor do we find this case to be controlled by Dunn v. Commonwealth, 222 Va. 704, 284 S.E.2d 792 (1981). Dunn does not establish a bright line or inflexible rule requiring evidence of depreciation for every type of property. We hold that the owner's evidence of the purchase price of the ring and bracelet

3

combined with the evidence of the condition of the property at the time of the taking was sufficient to allow the jury to decide the issue.

Having concluded that the evidence was sufficient to frame a jury issue on valuation, we find no error in the trial court's decision to grant Instruction F that defined grand larceny. It was offered by the defendant who, nonetheless, objected to the valuation question being submitted to the jury.

For the reasons stated, the judgment of the trial court is affirmed.

<u>Affirmed</u>.