COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Annunziata
Argued at Alexandria, Virginia


DONALD WAYNE SHEPHERD

MEMORANDUM OPINION[*] BY
v.   Record No. 2728-97-4     JUDGE ROSEMARIE ANNUNZIATA
NOVEMBER 10, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SHENANDOAH COUNTY
Perry W. Sarver, Judge Designate

S. Jane Chittom (Elwood E. Sanders, Jr.;
Public Defender's Commission, on briefs), for
appellant.

Kathleen B. Martin, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Donald Wayne Shepherd ("appellant") appeals his conviction
by bench trial for grand larceny under Code § 18.2-95, contending
that the evidence is insufficient to conclude beyond a reasonable
doubt that:  1) appellant took any property belonging to another,
and 2) the allegedly stolen property is worth at least $200.  We
disagree and affirm.

We view the evidence in the light most favorable to the
Commonwealth, the party prevailing below, and grant all
reasonable inferences fairly deducible therefrom.  Clifton v.
Commonwealth, 22 Va. App. 178, 180, 468 S.E.2d 155, 156 (1996)
(citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

S.E.2d 534, 537 (1975)). We will not reverse the trial court's judgment unless it is plainly wrong or without evidence to support it. Code § 8.01-680. The relevant facts, stated in the light most favorable to the Commonwealth, follow.

On March 23, 1997, appellant broke into the residence of Wayne and Kelly Rogers. As revealed by a videotape taken of the incident, appellant approached the Rogers' residence with a screwdriver in hand, knocked on the front door, and used the screwdriver to open the door after nobody answered. Appellant knew the Rogers were not present at the time he broke into their home.

Once appellant entered the Rogers' residence, the videotape recorded sounds indicating that he rummaged through different areas of the home, including the upstairs. Mr. Rogers recognized the sound of appellant climbing the stairs to the second floor of his home. After spending about six minutes inside the house, appellant left through the front door holding only the screwdriver in one hand. Appellant wore a jacket with multiple pockets capable of concealing small objects.

Upon their return home the same day, Mr. and Mrs. Rogers discovered the break-in, viewed the videotape, checked for missing valuables, and initially discovered that a small Russian lacquer box and a sapphire ring were missing. A number of days later, Mrs. Rogers also discovered that a .22 caliber pistol with a two-inch barrel was missing. Although the tape does not show

appellant leave the Rogers' residence with these items in his visible possession, they were all small enough to conceal within ordinary clothing pockets.

As to the location of the Rogers' missing property at the time of appellant's break-in, the Rogers ordinarily kept the Russian box in their upstairs bedroom. Mr. Rogers last saw the box there about a month, but no more than two months, before appellant's break-in. Mrs. Rogers saw the box upstairs a week or two before the break-in. Mrs. Rogers kept the sapphire ring in her jewelry box upstairs and was certain of its presence there at the time of appellant's break-in. As to the pistol, Mr. Rogers bought it for Mrs. Rogers to carry in her purse, but she preferred to keep it in a vinyl case in the couple's bedroom.

Mr. Rogers purchased the Russian lacquer box, and fifty other such boxes, through a business partner in Russia to sell in the United States. This particular box cost over $300. Mr. Rogers gave the box a wholesale value of $650 and a retail value of $1,000. According to Mrs. Rogers, the box was exquisite, one of a kind, and had appreciated in value since they acquired it.

I. SUFFICIENCY OF THE EVIDENCE AS TO LARCENY

While appellant concedes that he broke into the Rogers' residence, he argues that the evidence does not prove beyond a reasonable doubt that he removed property from it and fails to exclude a reasonable hypothesis of innocence -- specifically, that he left the residence without taking anything and that

- 3 -

someone else is responsible for the property's disappearance.

The Code of Virginia states that any person who "commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny."  Code § 18.2-95.  "Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods."  Bright v. Commonwealth, 4 Va. App. 248, 251, 356 S.E.2d 443, 444 (1987) (citing Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)).

The Commonwealth has the burden to prove beyond a reasonable doubt "that motive, time, place, means, and conduct concur in pointing out the accused as the perpetrator of the crime."  Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 568 (1976).  It is well settled, however, that the Commonwealth is not required to carry its burden of proof by direct evidence and that circumstantial evidence is entitled to as much weight as direct evidence, provided it is sufficiently convincing.  Stamper v. Commonwealth, 220 Va. 260, 272, 257 S.E.2d 808, 817 (1979), cert. denied, 445 U.S. 972 (1980).  "[I]t is within the province of the [fact finder] to determine what inferences are to be drawn from proved facts, provided the inferences are reasonably related to those facts."  Inge, 217 Va. at 366, 228 S.E.2d at 567-68.

Evidence is insufficient to support a conviction if it fosters only a suspicion or probability of guilt.  Hyde v.

Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977). "The evidence must be such that it excludes every reasonable hypothesis of innocence." Id. (citing Smith v. Commonwealth, 192 Va. 453, 461, 65 S.E.2d 528, 533 (1951)). As such, when circumstantial evidence demonstrates it is equally likely or more likely that a reasonable hypothesis of innocence explains the accused's conduct such evidence does not constitute proof beyond a reasonable doubt. Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (citing Haywood v. Commonwealth, 20 Va. App. 562, 567-68, 458 S.E.2d 606, 609 (1995)).

In considering the sufficiency of circumstantial evidence, the Supreme Court of Virginia has held that "[a] single circumstance seldom justifies a finding of criminal agency." Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981). Thus, evidence that shows a mere opportunity to steal property is insufficient to prove larceny beyond a reasonable doubt. Duncan v. Commonwealth, 218 Va. 545, 546-47, 238 S.E.2d 807, 808 (1977). Opportunity, however, is always a relevant circumstance and, "when reinforced by other incriminating circumstances, may be sufficient to establish criminal agency." Christian, 221 Va. at 1082, 277 S.E.2d at 208. See also Berryman v. Moore, 619 F. Supp. 853, 855-56 (1985).

We find that the trial court had sufficient evidence to exclude every reasonable hypothesis of innocence and conclude beyond a reasonable doubt that appellant took property belonging

to the Rogers when he broke into their home on March 23, 1997. The evidence shows that appellant approached a home he knew to be vacant with a screwdriver in his hands. Using the screwdriver, appellant broke through the home's locked front door without the homeowner's permission or other justification. Upon gaining entry, appellant rummaged through various parts of the home, including the upstairs where the Rogers' missing property was normally kept, for approximately six minutes. Although appellant testified that he only walked through the foyer of the home and denied taking property from the upstairs, the fact finder expressly found that this evidence was not credible.

Furthermore, the evidence of opportunity to steal is clear. Mr. and Mrs. Rogers saw the Russian box and sapphire ring in their respective storage places upstairs within a month prior to the break-in. As to the pistol, Mrs. Rogers kept it in a case beside her bed. Although appellant was not seen leaving the home with these items, the evidence clearly shows that they could easily fit within appellant's pockets. Based on this evidence, the trier of fact reasonably concluded that appellant stole this property when he broke into the Rogers' home and went upstairs.

II. SUFFICIENCY OF EVIDENCE AS TO THE VALUE OF STOLEN PROPERTY

Evidence as to the value of property is sufficient when it allows the trier of fact "to intelligently and fairly estimate with reasonable certainty the quantum of damages at the time of the loss." Gertler v. Bowling, 202 Va. 213, 216, 116 S.E.2d 268,

270 (1960). Direct proof of the stolen object's value is not essential if circumstantial evidence is available to prove the requisite amount and exclude every reasonable hypothesis to the contrary. Veney v. Commonwealth, 212 Va. 805, 806, 188 S.E.2d 80, 81 (1972). The value of a stolen object is its fair market value at the time and place of the theft. Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 399–400 (1986). The Commonwealth bears the burden of proving that the statutory amount has been satisfied beyond a reasonable doubt. Knight v. Commonwealth, 225 Va. 85, 88, 300 S.E.2d 600, 601 (1983).

The opinion testimony of an owner as to the value of his personal property is competent and admissible, regardless of the owner's knowledge. Walls v. Commonwealth, 248 Va. 480, 482, 450 S.E.2d 363, 364 (1994). Even a nonexpert who does not own the property in question may give opinion testimony as to its value, provided he possesses sufficient knowledge or ample opportunity to form a correct opinion. Id. at 483, 450 S.E.2d at 365.

In this case, the evidence was sufficient to conclude that the stolen property's value was at least $200 as required by Code § 18.2–95. The Commonwealth's evidence regarding the original purchase price and current value of the Russian box alone is sufficient to satisfy this element. Mr. Rogers purchased the box for over $300 and appraised its wholesale and retail value at $650 and $1,000, respectively. According to Mrs. Rogers, the box was in exquisite condition and had appreciated in value since its

purchase.  Thus, regardless of the value of the Rogers' ring and pistol, there was sufficient evidence for the trier of fact to convict appellant of grand larceny.

Affirmed.
