COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


MILTON J. HODGES

                                 MEMORANDUM OPINION* BY
v.    Record No. 0622-99-2      JUDGE JERE M. H. WILLIS, JR.
                                      MARCH 28, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                   Paul M. Peatross, Jr., Judge

          Pamela R. Johnson for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     On appeal from his conviction of grand larceny, in

violation of Code § 18.2-95, Milton J. Hodges contends that the

evidence was insufficient to support his conviction, because the

Commonwealth did not prove the value of the stolen goods.  We

affirm the judgment of the trial court.

               Where the sufficiency of the evidence
          is challenged after conviction, it is our
          duty to consider it in the light most
          favorable to the Commonwealth and give it
          all reasonable inferences fairly deducible
          therefrom.  We should affirm the judgment
          unless it appears from the evidence that the
          judgment is plainly wrong or without
          evidence to support it.

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

Hodges worked as a temporary employee for Robinson, Farmer, Cox and Associates from October 27, 1997 through December 12, 1997.  Sometime during the week following termination of his employment, someone at the firm realized that a Dell P100 laptop computer, a Dell P75 laptop computer, a Canon bubble jet printer, and a satchel were missing.  The firm notified the police.

While questioning Hodges, the police noticed a Dell computer in his possession.  After obtaining a search warrant, they recovered from his apartment one of the missing computers.  They also found a missing nylon bag in his bedroom and the missing satchel in his car.  The next day, the police found the missing printer at the home of Hodges' friend John Rea.

Hodges contends that the evidence was insufficient to support his conviction, because the Commonwealth did not prove that the value of the stolen items exceeded two hundred dollars. See Code § 18.2-95.

"Proof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount."  Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954).  The value of an object of

-

larceny is the fair market value at the time and place of the theft.  See, e.g., Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981).  The fair market value can be proven by either direct or circumstantial evidence, so long as the evidence is sufficient to allow the trier of fact to "intelligently and fairly estimate with reasonable certainty" the value of the item at the time of the loss.  Gertler v. Bowling, 202 Va. 213, 216, 116 S.E.2d 268, 270 (1960).  See also Veney v. Commonwealth, 212 Va. 805, 806-07, 188 S.E.2d 80, 81-82 (1972).

To prove grand larceny, the Commonwealth was required to prove that the items stolen had a value of $200 or more.  See Code § 18.2-95.

The Commonwealth introduced expert testimony from John Black, a pawn shop owner experienced in buying and selling used computers.  During direct examination, the Commonwealth gave Black the age and specifications of the two stolen computers.[1] Based upon that information, Black consulted a recognized reference book providing wholesale and retail prices for computers.  He testified that the Dell P100 had a fair market value of $350 and the Dell P75 had a fair market value of between $250 and $275.

---

[1] Black was asked what specific information he would need in pricing the computer equipment.  The Commonwealth offered evidence as to the make, model, manufacturer, age, and last known working condition and features of the computers.

Hodges argues that Black's testimony was insufficient because Black had not personally examined the computers. He argues further that Black's assessment of values assumed that the computers were operable at the time of the larceny. "However, 'it is generally held that evidence of value a reasonable time prior and subsequent to the [larceny] is admissible, its weight being for the trier of fact.'" Lester v. Commonwealth, 30 Va. App. 495, 505, 518 S.E.2d 318, 322 (1999) (citation omitted). The evidence showed that the computers were in use immediately prior to the larceny; that Hodges offered his friends use of the computers, implying that they were operable after the larceny; and that the computers were operable when they were recovered.

The value of the computers was a question of fact to be resolved by the jury. Its verdict will not be disturbed on appeal unless plainly wrong or without evidence to support it. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). We find that Black's testimony, along with the circumstantial evidence of the computers' condition before, during, and after the theft, supports the conviction.

The judgment of the trial court is affirmed.

Affirmed.

-