COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Annunziata
Argued by teleconference


RONALD IRVING MITCHELL

MEMORANDUM OPINION[*] BY

v.    Record No. 1549-01-2       JUDGE ROSEMARIE ANNUNZIATA
MAY 21, 2002

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Cleo E. Powell, Judge

Randy B. Rowlett (Gordon, Dodson & Gordon, on
brief), for appellant.

Marla Graff Decker, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Ronald Irving Mitchell was convicted at a bench trial of

grand larceny, in violation of Code § 18.2-95. He was sentenced

to five years in prison, with three years and ten months

suspended. He appeals on the ground that the evidence was

insufficient to prove that the value of the stolen item was $200

or more. For the reasons that follow, we affirm his conviction.

### Background

On January 8, 2001, Robert Collins, a loss prevention

associate at Wal-Mart in Chesterfield County, was alerted to watch

Mitchell in the electronics department. Collins observed Mitchell

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

looking at computers and speaking with a sales associate about the computers. The associate and Mitchell were pointing at the computers and looking at the size of the boxes.

Shortly thereafter, Collins saw the defendant "remove[] one computer from th[e] pallet and place[] it in his shopping cart." Collins photographed Mitchell taking the computer. Collins then watched Mitchell push the shopping cart into the electronics department where he spoke with a man and a woman. The three individuals walked around the department for a while and then headed towards the front of the store. Pushing the shopping cart with the computer in it, Mitchell followed the two other people who had a shopping cart that contained a VCR and two CD players.

Collins watched as Mitchell "passed all potential points of sale without paying for [the] computer," exited the first set of doors, and passed through the electronic surveillance system. When Mitchell observed Collins and his partner apprehend the two other individuals, his "eyes opened extremely wide, [and he] immediately did a 180 with the shopping cart." Mitchell pushed the shopping cart with the computer towards a closed check-out lane, where he abandoned it and walked towards the exit door.

Collins approached the defendant and apprehended him. Collins asked Mitchell if he knew why he had been stopped. He said "he had no idea." Mitchell first claimed that he "never saw [the] computer before in [his] life." However, he eventually told Collins that he wanted to buy the computer for his child. Because

Mitchell had only $160 in his pocket, Collins asked how he planned to pay for the computer. Mitchell responded that he could "deal for the price or bargain for the price."

Mitchell later admitted that he had accompanied the two other people to the store in a "pick-up truck." In his statement, he claimed he "put the computer in the cart, but never left the store."

At trial, Collins testified that the computer has a value of $798, without tax. Although he never opened the computer box to inspect the contents, he handled the box and noted that the box "was factory sealed with the original tape, Hewlett Packard stickers that go across the seams of the box." He also stated that he was "very certain of the contents of that box based on the factory seals, [and the fact] that the next person who picked up that box paid $798 even [sic] for that box."

## Analysis

Mitchell does not contest the Commonwealth's proof that he stole the computer box. Rather, he argues that the Commonwealth failed to prove the value of the box and its contents.[1] He argues that the box may not have contained a computer or that the computer "may have been destroyed in transit, or suffered from

---

[1] Code § 18.2-95 provides, in pertinent part: "[a]ny person who . . . commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ." Code § 18.2-95(ii).

some other devaluing event."  We find no merit in Mitchell's contention.

It is well settled that when the sufficiency of the evidence is challenged on appeal, "[w]e view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible from the evidence." Cooper v. Commonwealth, 31 Va. App. 643, 646, 525 S.E.2d 72, 73 (2000).  We, therefore, "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth . . . ." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).  The credibility of the witnesses and the weight of the evidence are matters to be determined solely by the trier of fact.  Swanson v. Commonwealth, 8 Va. App. 376, 378-79, 382 S.E.2d 258, 259 (1989).  Furthermore, the decision of the trial court will not be disturbed unless plainly wrong or without evidence to support it.  McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc).  "If there is evidence to support the conviction," this Court will not substitute its judgment for that of the trier of fact, even were our opinion to differ.  Commonwealth v. Presley, 256 Va. 465, 466, 507 S.E.2d 72, 72 (1998).

To convict an individual for grand larceny, the Commonwealth must prove, inter alia, that the value of the stolen property is at least equal to the amount fixed by the statute.  Wright v.

Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954). The "value" attributed to stolen personal property is equivalent to the fair market value of the property at the time of the theft, or, if there is no market value, the actual value. Lund v. Commonwealth, 217 Va. 688, 692, 232 S.E.2d 745, 748 (1977). Like any other element of a crime, value may be proven by direct or circumstantial evidence. See Veney v. Commonwealth, 212 Va. 805, 806-07, 188 S.E.2d 80, 81-82 (1972) (finding that circumstantial evidence proved the value of the stolen item at issue). Evidence that establishes the retail value of a new item is proof of its value. Robinson v. Commonwealth, 258 Va. 3, 5, 516 S.E.2d 475, 476 (1999).

The Commonwealth presented sufficient evidence in this case to prove the retail value of the computer. First, Collins testified that the computer was priced at $798. Mitchell did not object to this testimony or challenge Collins' knowledge concerning the value of the computer. Second, it is uncontradicted that the box was "factory sealed with the original tape [and] Hewlett Packard stickers that go across the seams of the box." Third, the computer was returned to display for sale. Fourth, the computer was purchased by another customer for $798 and not returned.

In addition, Mitchell's own statements support the trial court's conclusion that the box contained a computer valued at the retail price. At trial, when asked, "Did you put a computer in a

cart," Mitchell said, "Yes, I did." He later said, "The only thing I'm guilty of, Your Honor, is . . . taking the computer and putting it in the basket . . ." and "I admit I'm wrong for putting the computer in the basket . . . . "

Furthermore, the Commonwealth need only exclude "hypotheses of innocence that flow from the evidence." Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 442 (2000); accord McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308 (1999) (en banc). Whether a "hypothesis of innocence is reasonable is a question of fact," and a finding by the trial court is binding on appeal "unless plainly wrong." Grier v. Commonwealth, 35 Va. App. 560, 571, 546 S.E.2d 743, 748 (2001). In this case, there was no evidence establishing that the computer box was empty or that the computer was destroyed in transit or otherwise defective. Indeed, the computer's presence in a factory sealed box that was displayed for sale fully supports the conclusion that it was neither removed from the box nor damaged before Mitchell placed it in his cart. Therefore, the trial court's failure to require the Commonwealth to exclude Mitchell's hypothesis that the box was empty or the computer was damaged was not plainly wrong.

For the foregoing reasons, Mitchell's conviction for grand larceny is affirmed.

                                                    Affirmed.