COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Senior Judge Willis
Argued by teleconference


PATRICK JOSEPH FITZGERALD

MEMORANDUM OPINION[*] BY
v.        Record No. 2433-08-1                    JUDGE JERE M. H. WILLIS, JR.
                                                  JANUARY 12, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
Carl E. Eason, Jr., Judge

Lori Butts Miller, Assistant Public Defender (Stephanie L. Bolen,
Assistant Public Defender, on brief), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


On appeal from his conviction of grand larceny, Patrick Fitzgerald contends that the

evidence of value was insufficient to support the trial court's finding that he was guilty of grand

larceny in violation of Code § 18.2-95. We affirm the judgment of the trial court.

Background

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

Mark Russell is the owner and manager of a general store. On September 14, 2007, he went

to Sam's Club and bought $500 worth of merchandise with which to stock his store. This included

"somewhere around $300 or more" worth of cigarettes. He returned to his store around 10:00 p.m.

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

He opened several cartons of cigarettes and stocked their contents along with the remaining unopened cartons on the shelves. He testified that his desk drawer contained change for the clerks to use the next day and that he placed in the drawer an additional $50 in change. In the early morning hours of September 15, 2007, police informed Russell that his store had been burglarized. Going to the store, he found that between $200 to $250 worth of cigarettes and "most of the change" in the desk drawer had been stolen. He testified that although he didn't "know to the T" what cigarettes were stolen, the value of the stolen cigarettes "was between $200 and $250." In addition, "most of the change" in the desk drawer was gone.

Analysis

The sole issue on appeal is whether the evidence was sufficient to prove that Fitzgerald stole property valued at $200 or more.

When faced with a challenge to the sufficiency of the evidence, we "'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence' to support it." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)). A reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). We ask only whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App. at 257, 584 S.E.2d at 447. "'This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" Id. at 257-58, 584 S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for that of the trier of fact"

even if our opinion were to differ.  Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

Grand larceny includes the taking, not from the person of another, of goods having a value of $200 or more.  Code § 18.2-95.  The Commonwealth bears the burden of proving that the value of the stolen goods was at least $200.  Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994).  "The opinion testimony of the owner of the stolen item generally is competent and admissible on the issue of the value of that property."  Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997); see also Walls, 248 Va. at 482, 450 S.E.2d at 364.

In Knight v. Commonwealth, 225 Va. 85, 300 S.E.2d 600 (1983), the defendant was charged with arson, burglary, and grand larceny.  The storeowner's brother examined the store after the fire and "found 'a group of jackets' which he had examined earlier that day had escaped the fire, and he 'noticed a few of those were missing.'"  Id. at 88, 300 S.E.2d at 601.  "He also found 'several watches'" missing from a case.  Id.  "He estimated the price range of the jackets at $20.00 to '[m]aybe $45.00' and the watches at '$19.00 to about $35.00 or $40.00.'"  Id.  "Asked if he had 'made an effort to approximate a value of these watches and jackets,' [the brother] said, 'I would say, *just guessing*, that was missing, *was probably* around $300.00 worth, or more.'"  Id. (emphasis added).

The Supreme Court ruled "[i]t is impossible to determine from the evidence the Commonwealth produced at trial how many of which items were stolen, the value of any individual item, or the cumulative value of all," and found the brother's testimony "a random guess" that "'could have been based only upon speculation and conjecture.'"  Id. (quoting Dunn v. Commonwealth, 222 Va. 704, 705-06, 284 S.E.2d 792, 793 (1981)).

Such is not the case here.  Russell had just purchased the cigarettes and provided a specific range of value, which was above the $200 statutory amount.  Throughout his testimony, he never wavered below the $200 minimum value he placed on the stolen cigarettes.  Moreover, most of the $50 in change placed in the drawer was stolen.

The trial court, as fact finder, had the opportunity to observe and hear Russell as he testified and to consider his demeanor and manner of speech.  It found his testimony credible and convincing as to the value of the stolen property.  "The fact finder, who has the opportunity to see and hear the witnesses, has the sole responsibility to determine their credibility, the weight to be given their testimony, and the inferences to be drawn from proven facts."  Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998).  The record contains competent, credible, and sufficient evidence from which the trial court could find the requisite statutory amount proven beyond a reasonable doubt.  Accordingly, the trial court's judgment was not plainly wrong or without evidence to support it.

The judgment of the trial court is affirmed.

Affirmed.