COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, McClanahan and Haley
Argued at Chesapeake, Virginia

JASON DANIEL BYRUM

MEMORANDUM OPINION[*] BY
v.     Record No. 1201-09-1            JUDGE JAMES W. HALEY, JR.
                                                        MAY 18, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Von L. Piersall, Jr., Judge Designate

Gregory K. Matthews (Office of the Public Defender, on briefs), for
appellant.

(Kenneth T. Cuccinelli, II, Attorney General; Erin M. Kulpa,
Assistant Attorney General, on brief), for appellee.


I.  INTRODUCTION

Code § 18.2-118(a) provides:

Whenever any person is in possession or control of any
personal property, by virtue of or subject to a written lease of such
property . . . and such person so in possession or control shall, with
intent to defraud . . . fail to return such property to the lessor
thereof within ten days after expiration of the lease or rental period
for such property stated in such written lease, he shall be deemed
guilty of the larceny thereof.

Jason Daniel Byrum maintains the Commonwealth failed to prove the value of the

jackhammer he rented was at least $200 and, accordingly, his conviction for grand larceny

should be reversed.  We agree and reverse and remand for a new trial on a charge of petit larceny

if the Commonwealth be so advised.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## II.  BACKGROUND

On March 21, 2008, Byrum went to Dail's Home Center in Portsmouth, Virginia, and signed a contract to rent a jackhammer for four hours for $46.90.  Byrum never returned the jackhammer.  A grand jury indicted him for grand larceny by the failure to return leased property worth at least $200.

At trial, the evidence proved the jackhammer cost approximately $1,200 when the Home Center purchased it in July 2003 and the store replaced the jackhammer at a cost of $1,258 plus $46 in shipping costs.  A March 27, 2008 letter from the store to Byrum introduced into evidence stated that as of that date, Byrum owed $221.10 in rental fees.  The Commonwealth also introduced into evidence the rental agreement.  It included a line stating:  "Rates: 46.90/4h 67.00/d  268.00/w  804.00/28d."  Aside from the fees charged to Byrum, no witness testified about these figures or explained their application to the specific jackhammer Byrum rented.

The trial court overruled Byrum's motion to strike and found him guilty.  The court stated:  "[N]obody has asked the people from Dail what this property was worth at the time it was taken. . . . The defense has argued that I should depreciate it.  I don't have any evidence as to whether or not it has depreciated in value."  Expressly noting the testimony about the original purchase price and replacement cost of the jackhammer, the court concluded:  "That's the only evidence I have as to value."  The court, nonetheless, found this evidence proved beyond a reasonable doubt the jackhammer was worth at least $200 at the time Byrum rented it.

Byrum now appeals.

## III.  ANALYSIS

In reviewing the sufficiency of the evidence, "we consider the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court, and we accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence."  Brown v.

Commonwealth, 278 Va. 523, 527, 685 S.E.2d 43, 45 (2009).  We "will affirm the judgment unless the judgment is plainly wrong or without evidence to support it."  Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).

Since Code § 18.2-118(a) simply speaks of "larceny," it incorporates the degrees and punishments applicable to petit larceny and grand larceny.  Wright v. Commonwealth, 196 Va. 132, 133, 82 S.E.2d 603, 604 (1954).  As relevant here, the difference comes in the value of the property taken necessary to prove grand larceny.  Grand larceny requires proof the stolen property had a value of $200 or more, whereas petit larceny consists of any stealing of property worth less than that amount.  Code §§ 18.2-95; -96.

Proof that stolen property had the required statutory value represents an essential element of grand larceny that the Commonwealth must prove beyond a reasonable doubt.  Knight v. Commonwealth, 225 Va. 85, 88, 300 S.E.2d 600, 601 (1983).  "Proof that an article stolen has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount."  Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994) (internal quotation marks omitted).

The value of an item is the fair market value, mainly meaning the retail value.  Robinson v. Commonwealth, 258 Va. 3, 5, 516 S.E.2d 475, 476 (1999).  The fair market value of an item is "its sale price when offered for sale by one who desires, but is not obliged, to sell it, and is bought by one who is under no necessity of having it."  Suntrust Bank v. Farrar, 277 Va. 546, 556, 675 S.E.2d 187, 192 (2009) (internal quotation marks omitted).

We measure value at the time of the taking.  Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997).  Value may be proven by lay or expert opinion testimony, "or by traditional accounting principles, starting with the original cost of the item and then factoring in

depreciation or appreciation." DiMaio v. Commonwealth, 46 Va. App. 755, 764, 621 S.E.2d 696, 701 (2005), aff'd, 272 Va. 504, 636 S.E.2d 456 (2006). Replacement costs may also serve as evidence of value as long as sufficient evidence exists to link such costs to a correct assessment of fair market value. Baylor v. Commonwealth, 55 Va. App. 82, 90, 683 S.E.2d 843, 846 (2009). The Commonwealth does not need to prove the precise value of the stolen property at the time of the taking where a reasonable fact finder could determine such value exceeded the statutory amount. Wright, 196 Va. at 139, 82 S.E.2d at 607. Accordingly, circumstantial evidence may suffice to prove value. Veney v. Commonwealth, 212 Va. 805, 806, 188 S.E.2d 80, 81 (1972).

Our Supreme Court emphasized the need to account for the effects of age on the value of property when considering evidence of an original purchase price in Dunn v. Commonwealth, 222 Va. 704, 284 S.E.2d 792 (1981) (*per curiam*). A jury convicted the defendant of the grand larceny of a typewriter based on evidence of its original purchase price ten years before the theft. Id. at 705, 284 S.E.2d at 792. The Commonwealth presented no other evidence of its value other than that it had been used several days prior to the theft. Id. The Court stated that "[w]ithout a showing of the effect of age and wear and tear on the value of an item such as a typewriter, the jury might be misled to believe that original price equals current value." Id. Since no such evidence existed, the Court reversed the conviction as "based only upon speculation and conjecture." Id. at 706, 284 S.E.2d at 793.

This Court gave similar caution to evidence of replacement costs in Baylor. The defendant there was convicted of five counts of grand larceny arising from the theft of catalytic converters from automobiles. 55 Va. App. at 85-86, 683 S.E.2d at 844-45. Two of the automobiles came from model years three and four years in the past, while the model years of the three other vehicles remained unidentified. Id. Two persons testified about replacement costs

for the converters exceeding the statutory threshold, but offered no testimony concerning the original purchase price or the value at the time of the thefts.  Id.  In finding this evidence of replacement costs alone insufficient to demonstrate current value, we stated:

> To be clear, we expressly do *not* hold that evidence of an item's replacement cost may never be used to assist in establishing a stolen item's value.  It is axiomatic that some items appreciate in value with the passage of time just as other items depreciate.  Moreover, it is certainly conceivable that stolen property may be of such character or recent manufacture that replacement value accurately reflects actual or fair market value.  We simply hold that where, as here, there is an absence of evidence linking replacement value to an accurate determination of actual or fair market value, mere evidence of replacement value alone is insufficient as a matter of law to support an inference by the fact finder that the value of stolen property necessarily exceeds the statutory threshold.

Id. at 90-91, 683 S.E.2d at 846-47.[1]

Simply stated, where the Commonwealth relies on evidence of original or replacement values to establish that an item had a value exceeding the threshold for grand larceny, the evidence must suffice to link original or replacement values to a value at the time of the taking over the statutory threshold.  No doubt this may take many forms.  The Commonwealth need not prove current value precisely as long as the value at least suffices for grand larceny.  Yet where original or replacement values fail to accurately prove a value at the time of the taking sufficient for grand larceny, the evidence is insufficient.

In this case, although the Commonwealth offered evidence of both original and replacement values of the jackhammer, nothing linked such values to the value at the time of the taking.  In March 2008, the jackhammer was four years, eights months old.  We consider it "common knowledge that technical equipment generally depreciates in value over time."  Lester

---

[1] The Court's reference to "actual" value refers to the necessity of proving actual value where no market exists for an item.  Id. at 88, 683 S.E.2d at 845-46.

v. Commonwealth, 30 Va. App. 495, 505, 518 S.E.2d 318, 322 (1999). Four years and eight months represent a significant period during which depreciation could have occurred. While the trial court stated it had no "evidence as to whether or not [the jackhammer] has depreciated in value," the defense had no burden to show that the jackhammer had depreciated in value to less than $200. Rather, the Commonwealth had the burden of showing it had not depreciated. Dunn, 222 Va. at 705, 284 S.E.2d at 792; see also Knight, 225 Va. at 88, 300 S.E.2d at 601.

The Commonwealth's evidence that new jackhammers in 2003 and 2008 both cost around $1,200-$1,300 merely proved that the cost of new jackhammers remained essentially unchanged. It did not demonstrate that used jackhammers retained their value between those dates.

The Commonwealth argues on appeal we should, nonetheless, affirm the conviction based on the additional evidence of rental fees. We accept the general proposition that rental fees may be probative on the issue of fair market value. It certainly is in analogous contexts. See Gray & Gregory v. GTE South, Inc., 261 Va. 67, 71, 540 S.E.2d 498, 500-01 (2001) (applying principle to eminent domain); May v. Dewey, 201 Va. 621, 633, 112 S.E.2d 838, 847 (1960) (same); 5 Nichols on Eminent Domain § 19.01 (3d ed. 2009). We perceive no ground for why this reasoning should not apply to personal property in the larceny context.

In this case, however, the trial judge specifically found the "only evidence" worth considering as proof of value was the jackhammer's purchase price and replacement cost. Whether the trial judge *could* have found the rental fee evidence as sufficient evidence of fair market value we need not decide. The fact is, he chose not to — probably because no witness testified about the fee schedule (aside from fees charged to Byrum) and the fee schedule appeared only in a cryptic and ambiguous line item printed on the face of the contract.

In sum, the only evidence of the jackhammer's value which the trial court found persuasive (its original purchase price and replacement cost) was insufficient to prove beyond a reasonable doubt it was worth at least $200.

The judgment of the trial court is reversed and the case remanded for a new trial on a charge of petit larceny if the Commonwealth be so advised.

Reversed and remanded.