COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Bumgardner
Argued at Norfolk, Virginia


MAURICE KEVIN WILLIAMS
                                             OPINION BY
v.   Record No. 0970-98-1        JUDGE ROSEMARIE ANNUNZIATA
                                           MAY 18, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Robert W. Curran, Judge

              (Kevin M. Diamonstein, on brief), for
              appellant.  Appellant submitting on brief.

              Linwood T. Wells, Jr., Assistant Attorney
              General (Mark L. Earley, Attorney General,
              on brief), for appellee.


     Maurice K. Williams ("appellant") appeals his bench trial

conviction of misdemeanor escape in violation of Code

§ 18.2-479, claiming the trial court erred in denying his motion

to strike the Commonwealth's evidence.  Specifically, he

contends Code § 18.2-479 requires the Commonwealth to prove the

class of the offense for which he was in custody at the time of

the escape.  We disagree and affirm.

                              I.

                          BACKGROUND

     Appellant was an inmate at the Newport News City Farm at

the time of the events material to this appeal.  On October 14,

1997, Lowell Gray, a correctional officer at the City Farm, was

supervising a work detail in the area of Thorncliff Drive in the City of Newport News. As a member of the detail, appellant was in Gray's custody. At some point, Gray noticed that appellant was missing from the detail without permission to leave. Later that day, Gray located appellant in the Newport News lock-up after his recapture by the police.

At trial, appellant presented no evidence but moved to strike the Commonwealth's evidence, contending the Commonwealth failed to prove an essential element of the offense, to wit, whether he was incarcerated "on a charge or conviction of" a felony or a misdemeanor in accordance with Code § 18.2-479. The trial court overruled appellant's motion and found appellant guilty of misdemeanor escape under Code § 18.2-479(A). The court reasoned that proof of custody at the time of the escape was sufficient to sustain a conviction under this code section and that evidence of the nature of the accused's underlying offense was relevant only to prosecutions in which the Commonwealth sought to have the court impose enhanced punishment pursuant to Code § 18.2-479(B).

## II.

## LEGAL PRINCIPLES

Code § 18.2-479 provides:

> A. If any person lawfully confined in jail or lawfully in the custody of any court or officer thereof or of any law-enforcement officer on a charge or conviction of a

- 2 -

misdemeanor escapes, otherwise than by force or violence . . . , he shall be guilty of a Class 1 misdemeanor.

B. If any person lawfully confined in jail or lawfully in the custody of any court or officer thereof or of any law-enforcement officer on a charge or conviction of a felony escapes, otherwise than by force or violence . . . , he shall be guilty of a Class 6 felony.

Appellant asserts that, because Code § 18.2-479 differentiates between individuals who escape while in custody on a misdemeanor conviction and those who escape while in custody on a felony conviction, proof of the nature of the accused's underlying offense is an essential element of the offense and must be proved beyond a reasonable doubt. See Ganzie v. Commonwealth, 24 Va. App. 422, 428, 482 S.E.2d 863, 866 (1997); Bruce v. Commonwealth, 9 Va. App. 298, 301, 387 S.E.2d 279, 280 (1990). We decline to adopt appellant's construction of the statute.

The issue of whether the Commonwealth must prove, as a necessary element of a conviction under Code § 18.2-479, the class of crime for which an accused has been placed in custody is one of first impression. As originally enacted, the offense underlying the accused's custody was irrelevant to the prosecution of an escape charge, and the crime of escape without

force or violence was punishable only as a misdemeanor.[1]  The

present version of Code § 18.2-479 was enacted in 1985.  The

statute as amended provided that the range of punishment imposed

would be determined based on whether the accused's underlying

offense was a felony or a misdemeanor.  Code § 18.2-479 has

otherwise remained essentially unchanged through a series of

amendatory actions.[2]

In its present form, the statute establishes two grades of

the offense where, but for the penalty to be imposed, the

elements to be proved are identical.  Where the legislature has

established two grades of an offense, differentiating them only

---

[1] For example, until its most recent amendment in 1985, Code
§ 18.2-479 provided:

> If any person lawfully confined in jail or
> lawfully in the custody of any court or
> officer thereof or of any law-enforcement
> officer on a charge or conviction of a
> criminal offense escape, otherwise than by
> force or violence . . . , he shall be guilty
> of a Class 2 misdemeanor.

Code § 18.2-479 (1975).

[2] For earlier versions of the statute at issue, see Code
§ 18-253 (1950) ("If any person lawfully confined in jail on a
charge or conviction of a criminal offense escape, otherwise
than by force or violence . . . , he shall be confined in jail
not less than thirty days nor more than six months."), and Code
§ 18.1-290 (1960) ("If any person lawfully confined in jail or
lawfully in the custody of any court or officer thereof or of
any law enforcement officer on a charge or conviction of a
criminal offense escape, otherwise than by force or violence
. . . , he shall be confined in jail not exceeding six months,
or be fined not exceeding five hundred dollars, or both.").

on the basis of penalty, both this Court and the Supreme Court have held that proof of the element relevant to the enhanced penalty is not required except in those cases in which the enhanced penalty is imposed.  In Knight v. Commonwealth, 225 Va. 85, 300 S.E.2d 600 (1983), for example, the Virginia Supreme Court noted that, although "[t]he value of the goods specified in the grand larceny statute is an essential element of the crime," "'proof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount.'"  Id. at 88, 300 S.E.2d at 601 (quoting Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954)).  See also Pittman v. Commonwealth, 17 Va. App. 33, 34-35, 434 S.E.2d 694, 695 (1993) (stating that under Code § 18.2-104(b), which provided for enhanced punishment for any third or subsequent conviction of concealing merchandise, "a crime that on the first or second commission is a misdemeanor, becomes a felony upon proof of the additional element of its commission being a third or subsequent such occurrence").

The 1985 amendment of Code § 18.2-479 changed only the grade of the offense and the attendant penalty.  The offense underlying the custodial status of the accused has historically not been relevant to determining that a violation of the

- 5 -

substantive prohibition of the statute has occurred, viz., that the accused has escaped from the custody of a law enforcement officer.  In light of the history of the statute and the reasoning applied in Knight, which we adopt here, we hold that proof of the underlying offense for which an accused is in custody is irrelevant to the determination of guilt, except in those cases in which the Commonwealth seeks enhanced punishment under Code § 18.2-479(B).

Because an accused's underlying offense is not an essential element of Code § 18.2-479 for the purpose of establishing guilt, and because appellant does not contest the sufficiency of the evidence as to the remaining elements of Code § 18.2-479, we find the evidence sufficient to sustain appellant's conviction of misdemeanor escape under Code § 18.2-479(A) and affirm his conviction.

Affirmed.