COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Elder and Annunziata
Argued at Chesapeake, Virginia


COREY DION COLES

                                                        OPINION BY
v.        Record No. 2053-03-1            JUDGE ROSEMARIE ANNUNZIATA
                                              DECEMBER 14, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      Charles D. Griffith, Jr., Judge

        Kathleen Ortiz (Kenneth J. Coughlan, Deputy Public Defender;
        Office of the Public Defender, on brief), for appellant.

        Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


        Corey Dion Coles appeals his conviction under Code § 18.2-478 for escape by force from

the custody of a police officer.  He argues that the evidence failed to establish he was taken into

custody "on a charge of criminal offense" as required by the statute.  For the reasons that follow,

we reverse.

                                    I.  Background

        We review the evidence, and all reasonable inferences that may be drawn from the

evidence, in a light most favorable to the Commonwealth as the party prevailing below.  Garcia

v. Commonwealth, 40 Va. App. 184, 189, 578 S.E.2d 97, 99 (2003).  So viewed, the evidence

establishes that, at 11:30 p.m. on October 7, 2002, Erlinda Lomogda reported to the Norfolk

Police Department that her 1997 Honda Accord, bearing Virginia license number MV 6534, had

been stolen from the parking lot of Depaul Hospital.  Later that evening, Norfolk Police Officer

H.E. Warren received a dispatch regarding the theft of the Honda.  At 3:44 a.m. the following

day, Officer Warren spotted the Honda and followed it until a backup unit arrived.  Both police vehicles activated their lights and pulled in behind the Honda.

Norfolk Police Officers R.D. Lean and Herman Seals heard the radio call for backup from Officer Warren and proceeded down Princess Anne Road, where they encountered the stolen Honda and the other officers traveling northbound on Wide Street.  Officer Lean positioned his police cruiser in the lane in front of the Honda at the intersection of Wide Street and Princess Anne Road.  He exited his cruiser as the Honda pulled over and stopped.  After making eye contact with the driver, he recognized him to be Corey Dion Coles.  Coles's hands were raised in a surrender position.  However, as Officer Lean approached, Coles grabbed the wheel, put the Honda in gear, accelerated, and drove the Honda into the police vehicle.  Coles then drove down Princess Anne Road, exited the Honda while it was still in motion, and fled while Officer Seals stopped the unoccupied moving vehicle.  Coles was apprehended a short time later.

At the conclusion of the trial, Coles moved to strike the escape charge.  He claimed no evidence established he was taken into custody "on a charge of criminal offense" as required by Code § 18.2-478.[1]  The trial judge denied the motion to strike and convicted Coles of escape by force from the custody of a police officer.  This appeal followed.

## II.  Analysis

Code § 18.2-478 provides, in pertinent part, that "if any person lawfully in the custody of any police officer on a charge of criminal offense escapes from such custody by force or violence, he shall be guilty of a Class 6 felony."

---

[1] Coles's attorney argued that the Commonwealth "must prove . . . that he was on a charge of a criminal offense.  That is the basis for my argument, your Honor, that he has to be charged."  Coles did not contend in the trial court, nor does he contend on appeal, that he was not in police custody.

Coles contends that the Commonwealth presented no evidence that he was charged with a criminal offense before he was taken into custody, and our review of the record reveals that, in fact, the Commonwealth presented no such evidence. However, the Commonwealth contends that it was not required to prove Coles was charged with a criminal offense before he was taken into custody, relying on the holding of Williams v. Commonwealth, 29 Va. App. 696, 514 S.E.2d 381 (1999). The Commonwealth further contends that, even if it must prove Coles was charged with a criminal offense before he was taken into custody, the fact that the police had probable cause to arrest Coles satisfies the statute.[2] We disagree with the Commonwealth because: (a) controlling case law requires the Commonwealth to prove that Coles was taken into custody "on a charge of criminal offense," and (b) the probable cause standard cannot take the place of the words "on a charge of criminal offense."

### A. Code § 18.2-478 Requires Proof That Defendant Was Taken into Custody On a Charge of Criminal Offense

This Court's decision in Johnson v. Commonwealth, 21 Va. App. 102, 462 S.E.2d 125 (1995), establishes that Code § 18.2-478 requires proof the defendant was taken into custody on a charge of criminal offense. In that case, the police attempted to arrest Johnson on an outstanding bench warrant "for failing to appear for sentencing on robbery and firearms convictions." Id. at 104, 462 S.E.2d at 126. After taking Johnson into custody on the outstanding warrant, he escaped by force. Id. at 105, 464 S.E.2d at 126. He was subsequently apprehended and charged with felony escape under Code § 18.2-478. Id. Johnson challenged his conviction on two grounds, arguing that the trial court erred in admitting the bench warrant for his arrest into evidence and that the evidence was insufficient to prove he was taken into custody "on a charge of criminal offense." Id. at 104, 464 S.E.2d at 126.

---

[2] Because the parties present pure questions of law, we conduct a *de novo* review. Emerson v. Commonwealth, 43 Va. App. 263, 272, 597 S.E.2d 242, 247 (2004).

Regarding the admissibility of the bench warrant, Johnson argued that the specific charges contained in the warrant should have been redacted because they were not pertinent "to whether he was in custody for purposes of escape." Id. at 106, 464 S.E.2d at 127. We rejected that contention, noting that the Commonwealth had to prove the "statutory element that Johnson was in custody 'on a charge of criminal offense.'" Id. In light of the Commonwealth's burden to prove that the defendant was in custody "on a charge of criminal offense," we explained:

> the existence of an outstanding arrest warrant and the nature of the charge against Johnson tended to prove that he was being arrested and that it was for [failure to appear at sentencing for] robbery and a firearms conviction. These facts were relevant to prove that appellant was in lawful custody on a charge of a criminal offense. Because the Commonwealth had to prove that the appellant was in custody and that the custody was "on a charge of criminal offense," the existence of the warrant for appellant's arrest was relevant to prove . . . that appellant was being arrested on criminal charges.

Id. at 106-07, 464 S.E.2d at 127.

We also rejected Johnson's argument that the evidence was insufficient to establish he was in custody "on a charge of criminal offense." We held that the evidence was sufficient to prove that element of the offense because it established the arresting officer "knew that an arrest warrant . . . was outstanding against Johnson" and "was attempting to arrest Johnson on that outstanding warrant." Id. at 108, 464 S.E.2d at 128. Accordingly, "the warrant was not only relevant, but it was also sufficient to prove that if appellant was in custody, he was being held 'on a charge of criminal offense.'" Id.

The Commonwealth's reliance on Williams for the proposition that it need not prove Coles was in custody "on a charge of criminal offense" is misplaced because Williams addressed a different issue and did not affect our holding in Johnson.

Williams "was an inmate at the Newport News City Farm at the time of" his escape. Williams, 29 Va. App. at 697, 514 S.E.2d at 381. He escaped while on work detail, but he was

- 4 -

subsequently apprehended and charged under Code § 18.2-479(A),[3] not Code § 18.2-478.  Id.

Code § 18.2-479 is divided into two subsections.  The first subsection, (A), provides that a

defendant in police custody on a misdemeanor charge or conviction who escapes from that

custody is guilty of a Class 1 misdemeanor.  Code § 18.2-479(A).  The second subsection, (B),

provides that a defendant in police custody on a felony charge or conviction who escapes from

that custody is guilty of a Class 6 felony.  Williams argued that the Commonwealth's failure to

introduce evidence of the *class* of his conviction, i.e. evidence proving his conviction was either

for a misdemeanor or felony offense, was fatal to its case.  See Williams, 29 Va. App. at 698,

514 S.E.2d at 381-82.  We held that the failure to introduce evidence of his class of conviction

was not fatal because "proof of the underlying offense for which an accused is in custody is

irrelevant to the determination of guilt, except in those cases in which the Commonwealth seeks

enhanced punishment under Code § 18.2-479(B)."  Id. at 700, 514 S.E.2d at 383.  We explained

the holding by reference to established precedent, stating that, where the "legislature has

established two grades of an offense, differentiating them only on the basis of penalty, both this

Court and the Supreme Court have held that proof of the element relevant to the enhanced

penalty is not required except in those cases in which the enhanced penalty is imposed."  Id. at

699, 514 S.E.2d at 382 (citing Knight v. Commonwealth, 225 Va. 85, 300 S.E.2d 600 (1983)).

Notably, we did not cite or refer to the Johnson decision.

     Thus, the Williams decision has no bearing on the instant case.  First, Williams did not

hold that the Commonwealth need not prove that the defendant was in custody "on a charge or

conviction" as required by the statute; that issue was not before the court.  Rather, the issue

before the court was whether the Commonwealth had to prove that Williams's conviction was

either for a misdemeanor or felony offense.  We held that such proof is not necessary when the

---

[3] Code § 18.2-479 applies to escapes committed without force or violence.

- 5 -

Commonwealth limits its prosecution to Code § 18.2-479(A). See id. at 700, 514 S.E.2d at 383. Because Williams addressed an issue different from the one we address here, it does not apply. Second, our opinion in Williams did not refer to our opinion in Johnson, a case which, as discussed above, clearly establishes that the Commonwealth must prove the defendant was in custody "on a charge of criminal offense" under Code § 18.2-478. Because Johnson was not discussed, our opinion in Williams did nothing to alter its holding.

B. Probable Cause Does Not Satisfy the Statutory Requirement that the Defendant Must Be Taken into Custody "On a Charge of Criminal Offense"

The Commonwealth further contends that, because Coles was in possession of property reported to be stolen, the police had probable cause to arrest him and that probable cause to arrest establishes he was taken into custody "on a charge of criminal offense." Assuming, without deciding, that probable cause to arrest existed, we hold that nothing less than an actual charge of criminal offense satisfies the statute.

The plain language of Code § 18.2-478 requires the Commonwealth to prove that Coles was taken into custody "on a charge of criminal offense." In essence, the Commonwealth asks that we replace the words "on a charge of criminal offense" with "on probable cause that a criminal offense has been committed." We cannot interpret Code § 18.2-478 in such a manner because we are bound by the plain meaning and language of the statute and by the rules of statutory construction.

When interpreting statutory language that

> "is plain and unambiguous, we are bound by the plain meaning of that statutory language. Thus, when the General Assembly has used words that have a plain meaning, courts cannot give those words a construction that amounts to holding that the General Assembly meant something other than that which it actually expressed."

Beck v. Shelton, 267 Va. 482, 488, 593 S.E.2d 195, 198 (2004) (quoting Lee County v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002)). Where bound by the plain meaning of the language used, we are not permitted "to add or to subtract from the words used in the statute." Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918). This canon flows from the principle that "[w]e must . . . assume . . . the legislature chose, with care, the words it used when it enacted the relevant statute." Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). Because we assume the legislature carefully chose the words used, it is our duty "to give reasonable effect to every word." Jones v. Conwell, 227 Va. 176, 180-81, 314 S.E.2d 61, 64 (1984); Moyer v. Commonwealth, 33 Va. App. 8, 35, 531 S.E.2d 580, 593 (2000) (en banc). In giving reasonable effect to every word, we presume the legislature used the word in its ordinary sense in the absence of a specific, statutory definition. Moyer, 33 Va. App. at 35, 531 S.E.2d at 593.

In Code § 18.2-478, the legislature chose to use the words "on a charge of criminal offense." In United States v. Patterson, 150 U.S. 65 (1893), the United States Supreme Court stated that

> [a] criminal charge, strictly speaking, exists only when a formal written complaint has been made against the accused, and a prosecution initiated. It is true the popular understanding of the term is "accusation," and it is freely used with reference to all accusations, whether oral, in the newspapers, or otherwise; but, in legal phraseology, it is properly limited to such accusations as have taken shape in a prosecution. In the eyes of the law, a person is charged with crime only when he is called upon in a legal proceeding to answer to such a charge.

Id. at 68. The word "charge" is similarly defined by Black's Law Dictionary 248 (8th ed. 2004) as a "formal accusation of an offense as a preliminary step to prosecution . . . . [It is] [a]lso termed *criminal charge*." See Moyer, 33 Va. App. at 35, 531 S.E.2d at 593 (referring to the dictionary to determine ordinary meaning). By contrast, "probable cause" has been defined as "a

- 7 -

practical, *nontechnical conception* that deals with the factual and practical considerations of everyday life on which reasonable and prudent men, *not legal technicians*, act." Maryland v. Pringle, 540 U.S. 366, ___, 124 S. Ct. 795, 799 (2003) (quotations omitted) (emphasis added). It would therefore strain the ordinary meaning of the language used in Code § 18.2-478 to interpret those situations where a "formal accusation" of a "criminal offense" exists as encompassing those where a police officer has "probable cause" to believe a criminal offense has been committed. See Melanson v. Commonwealth, 261 Va. 178, 183, 539 S.E.2d 433, 435 (2001) ("'The plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction.'" (quoting Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998)).

In addition to its ordinary meaning, two other reasons persuade us that the word "charge" cannot be construed to mean "probable cause." First, Code § 18.2-308 employs language substantially similar to that found in Code § 18.2-478 in defining who is eligible for a permit to carry a concealed handgun. See Moyer, 33 Va. App. at 35, 531 S.E.2d at 593 ("In interpreting a statute, the Code of Virginia constitutes a single body of law, and other sections can be looked to where the same phraseology is employed." (internal quotations omitted)). Subsection (E) of Code § 18.2-308 provides, in pertinent part:

> E. The following persons shall be deemed disqualified from obtaining a permit:
>
>     *      *      *      *      *      *      *
>
> 20. An individual, not otherwise ineligible pursuant to this section, with respect to whom, within the three-year period immediately preceding the application, *upon a charge of any criminal offense* set forth in Article 1 (§ 18.2-247 et seq.) of Chapter 7 of this title or upon a charge of illegal possession or distribution of marijuana or any controlled substance under the laws of any state, the District of Columbia, or the United States or its territories, the trial court found that the facts of the case were sufficient for a finding of guilt . . . .

(Emphasis added). This section, in using the phrase "upon a charge of any criminal offense," clearly contemplates a formal accusation upon which a trial court could act and pass judgment; a police officer's on-the-spot determination of probable cause is not such a formal accusation.

Second, nearly all the reported cases in Virginia analyzing a challenge to an escape conviction note that the defendant was being arrested on an outstanding warrant, thus evidencing the existence of a criminal charge. See, e.g., Bennett v. Commonwealth, 35 Va. App. 442, 451, 546 S.E.2d 209, 213 (2001) (noting that warrants had been served on the defendant before he attempted to flee); Cavell v. Commonwealth, 28 Va. App. 484, 485, 506 S.E.2d 552, 552 (1998) (en banc) (noting that the officer "knew of a felony warrant on file for appellant's arrest, and he approached appellant intending to arrest him on the warrant"); Henry v. Commonwealth, 21 Va. App. 141, 145, 462 S.E.2d 578, 580 (1995) (noting that law enforcement officers went to defendant's house to arrest him on a federal indictment for drug trafficking); Johnson, 21 Va. App. at 108, 464 S.E.2d at 128 (noting that the police officer knew defendant "to have an arrest warrant outstanding" and attempted to arrest him on that warrant); Castell v. Commonwealth, 21 Va. App. 78, 80, 461 S.E.2d 438, 439 (1995) (en banc) (noting that "two uniformed police officers went to appellant's house to arrest him on a warrant for grand larceny"), overruled by Cavell, 28 Va. App. at 487, 506 S.E.2d at 503; cf. White v. Commonwealth, 267 Va. 96, 102-03, 591 S.E.2d 662, 665-66 (2004) ("expressing no opinion" on defendant's contention that he was not in custody "on a charge or conviction of felony" under Code § 18.2-479(B) because the issue was not properly before the Court); but see Moss v. Commonwealth, 30 Va. App. 219, 226-27, 516 S.E.2d 246, 250 (1999) (affirming juvenile's conviction for escape on basis that he was in "lawful custody" because he "was under arrest for possession of marijuana and cocaine" but not addressing whether juvenile was in lawful custody "on charge of criminal offense").

In light of the foregoing principles and authorities, we conclude that the construction urged by the Commonwealth, an equating of the word "charge" and the term "probable cause," is inconsistent with the plain and ordinary meaning of the statute.[4] We therefore decline the Commonwealth's invitation to rewrite Code § 18.2-478 and change the phrase "on a charge of criminal offense" to "on probable cause that an offense has been committed." See Beck, 267 Va. at 488, 593 S.E.2d at 198. Otherwise, we would be legislating, not interpreting, statutory language. See Lawson v. Commonwealth, 38 Va. App. 93, 96, 561 S.E.2d 775, 777 (2002) (citing Greenberg v. Commonwealth, 255 Va. 594, 600-01, 499 S.E.2d 266, 269-70 (1998)). Legislation is the sole prerogative of the legislature; if it chooses to rewrite Code § 18.2-478, "it is properly within its power to do so." Beck, 267 Va. at 488, 593 S.E.2d at 198. Had the legislature intended to criminalize the escape of an individual who has been arrested but not formally charged, "it would have done so." See Alger v. Commonwealth, 267 Va. 255, 261, 590 S.E.2d 563, 566 (2004); see also Code § 18.2-479.1 (criminalizing resisting arrest and defining it as "fleeing from a law enforcement officer when (i) the officer applies physical force to the person, or (ii) the officer communicates to the person that he is under arrest").

### III. Conclusion

We therefore hold that, in order to sustain a conviction for escape under Code § 18.2-478, the evidence must prove beyond a reasonable doubt that the defendant was taken into custody "on a charge of criminal offense." Probable cause to arrest will not satisfy this element of the offense. Accord State v. Clow, 600 N.W.2d 724, 727-29 (Minn. Ct. App. 1999). As noted above, the Commonwealth introduced no evidence tending to prove Coles was taken into custody "on a charge of criminal offense." In fact, the evidence proves that the police stopped

---

[4] Moreover, if the plain meaning of the statute were not clear, we must strictly construe the statute against the Commonwealth and resolve all ambiguities in favor of the defendant. Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991).

Coles because they had a report that the car he was driving was stolen, not because Coles was charged with a criminal offense.  Because Coles was not taken into custody "on a charge of criminal offense," we reverse his conviction for escape and dismiss the indictment.

<u>Reversed and dismissed</u>.