COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, O'Brien and Senior Judge Haley
Argued at Fredericksburg, Virginia

NADIA GIHAR BAHTA

v.     Record No. 1625-18-4

MOHAMMED SEID MOHAMMED

MEMORANDUM OPINION* BY
JUDGE MARY GRACE O'BRIEN
JUNE 25, 2019

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

Timothy Bryan Beason (Dipti Pidikiti-Smith; Walewska Marie
Watkins; Legal Services of Northern Virginia, on brief), for
appellant.

No brief or argument for appellee.

Amici Curiae: Virginia Poverty Law Center; National Legal Aid &
Defender Association (James Wilson Speer; Virginia Poverty Law
Center, on brief), for appellant.

Nadia Gihar Bahta ("mother") appeals a decision by the Fairfax County Circuit Court

("circuit court") denying her request to assess attorney's fees against Mohammed Seid Mohammed

("father"), after his unsuccessful attempt to modify custody and visitation of the parties' children.

Because we find the court incorrectly concluded that Code § 16.1-278.19 "barred" it from awarding

attorney's fees, we reverse.

BACKGROUND

Mother and father, who never married, are the parents of two minor children. On April 9,

2015, in a matter appealed from the Fairfax County Juvenile and Domestic Relations District Court

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

("JDR court"), the circuit court entered an agreed order of custody and visitation for the parties' children. Mother received primary physical custody of the children, with father having specific visitation rights.

On May 31, 2017, mother obtained a two-year protective order against father that precluded him from contacting her except for "emergencies and to facilitate visitation." The order's provisions allowed father to maintain his visitation schedule and "have contact with the children at school but only when mother is not present."

On August 23, 2017, father filed a motion to modify custody and visitation. He sought primary physical custody of the children and limited visitation with mother. In his motion, father represented that he "[did] not know of any proceeding that could affect the current proceeding, including . . . protective orders."

Trial occurred on August 1, 2018. At the time, both parties were represented by counsel. Mother's attorney was employed by Legal Services of Northern Virginia ("LSNV"). Mother's representation agreement with LSNV provided that "[i]f this case involves collection of attorney's fees, I specifically authorize LSNV to pursue collection of these attorney's fees. I agree that any attorney's fees will be payable to LSNV."

At the conclusion of the evidence, the court denied father's motion, finding no material change of circumstance and that modification was not in the best interests of the children. The court declined to award either party attorneys' fees, evenly divided the cost of preparing the transcript, and continued the matter for a hearing to enter a final order. Both attorneys were instructed to attend.

Two days later, father filed a *pro se* "emergency motion" to change the children's school enrollment. Following an August 10, 2018 hearing, a different circuit court judge denied father's motion as "frivolous and in violation of [Code §] 8.01-271.1," prohibited father from filing any

additional motions without the court's permission, and ordered him to pay mother's attorney's fees of $500.

On September 21, 2018, the parties and their counsel appeared in court for entry of the final order from the August 1, 2018 trial. Mother asked the court to reconsider the issue of attorney's fees under Code § 16.1-278.19. Mother's counsel presented an affidavit of attorney's fees and stated that "[LSNV] incur[s] expenses but we don't charge our clients anything." The court denied the request, stating as follows:

> I'm relying specifically on the language in [Code §] 16.1-278.19 that uses the word[s] "on behalf of any party." It does not state "on behalf of a non-profit representing the part[y] based upon [a] representation that she received the benefit of [its] expertise at those costs.["] . . . [T]he statute bars me from – and, regardless, I decline to award fees.

However, the court did order father to bear the entire cost of preparing the transcript.

## ANALYSIS

Statutory interpretation "presents a pure question of law and is accordingly subject to *de novo* review." Reineck v. Lemen, 292 Va. 710, 721 (2016) (quoting Washington v. Commonwealth, 272 Va. 449, 455 (2006)). Generally, appellate courts review decisions to award attorneys' fees for an abuse of discretion. Lambert v. Sea Oats Condo. Ass'n, Inc., 293 Va. 245, 252 (2017). Because a court "by definition abuses its discretion when it makes an error of law," Leonard v. Commonwealth, 39 Va. App. 134, 148 (2002), we review its conclusions of law *de novo* "to determine that the discretion was not guided by erroneous legal conclusions," Koon v. United States, 518 U.S. 81, 100 (1996).

> Thus, "the abuse-of-discretion standard includes review to determine that the [exercise of] discretion was not guided by erroneous legal conclusions, because a court . . . abuses its discretion if it *inaccurately ascertains [the] outermost limits" of the range of choice available to it*. . . . [T]he boundary of the range of choice available to the court is itself a relevant factor for the court to consider when

> exercising its discretion. . . . This is true whether the boundary is fixed by precedent or statute.

Lambert, 293 Va. at 253 (emphasis added) (quoting Lawlor v. Commonwealth, 285 Va. 187, 213 (2013)).

Resolution of this case is determined by our interpretation of Code § 16.1-278.19, which provides as follows:

> In any manner properly before the court, the court may award attorneys' fees and costs on behalf of any party as the court deems appropriate based on the relative financial ability of the parties.

The statute is a departure from the default "American Rule" in Virginia, where each party pays its own attorney's fees, and the prevailing party cannot usually recover fees from the non-prevailing party. See Reineck, 292 Va. at 721 ("[A]bsent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant." (quoting Chacey v. Garvey, 291 Va. 1, 8 (2015))).

In denying mother's request for attorney's fees, the court relied "specifically" on the language in Code § 16.1-278.19, "on behalf of any party." It noted that the statute "does not say 'on behalf of a non-profit representing the part[y] based upon [a] representation that she received the benefit of its expertise at those costs.'" The court determined it was "bar[red]" from awarding attorney's fees because mother did not incur fees and any award would effectively be "on behalf of" LSNV rather than "on behalf of any party." The court thus construed Code § 16.1-278.19 as a prohibition against awarding attorneys' fees to parties represented by non-profit legal organizations that do not charge clients for their services.

"When interpreting statutory language that 'is plain and unambiguous, we are bound by the plain meaning of the statutory language.'" Coles v. Commonwealth, 44 Va. App. 549, 557 (2004) (quoting Beck v. Shelton, 267 Va. 482, 488 (2004)). In this circumstance, "we are not permitted to 'add or to subtract from the words used in the statute.'" Id. (quoting Posey v. Commonwealth, 123

Va. 551, 553 (1918)). "We must also assume that the legislature chose, with care, the words it used when it enacted the relevant statute." Barr v. Town & Country Props., Inc., 240 Va. 292, 295 (1990). See also Anderson v. Commonwealth, 182 Va. 560, 566 (1944) ("Courts are not permitted to rewrite statutes. This is a legislative function.").

Code § 16.1-278.19 gives a court discretion to award attorneys' fees as it "deems appropriate" and when three express requirements are met: (1) the matter is "properly before the court;" (2) the award is "on behalf of any party;" and (3) the award is "based on the relative financial ability of the parties." There is no dispute that the matter was "properly before" the circuit court because it originated in the JDR court. See Fairfax Cty. Dep't of Human Dev. v. Donald, 251 Va. 227, 229 (1996). The court did not determine the parties' "relative financial ability" because it ruled that as an initial matter, it lacked authority to award attorney's fees to a party represented by a non-profit organization providing legal services without charge. Therefore, the issue is whether an award of attorney's fees would be "on behalf of any party," even though mother did not incur fees and would have to remit the award to LSNV.

The phrase "attorneys' fees and costs on behalf of any party" does not require that the party actually incur attorneys' fees or demonstrate a need to be personally compensated.[1] Instead, the phrase contemplates that an award may be appropriate when attorneys' fees have been expended in the course of legal representation. Here, LSNV did not charge mother for its legal services. Nevertheless, the legal services were not free from the perspective of LSVN; they were provided at the cost of decreasing the services available for other clients. Therefore, an award of fees would compensate LSNV for the resources expended "on behalf of" mother, which accords with the plain

---

[1] Mills v. Mills, 70 Va. App. 362 (2019), cited by the dissent, is distinguishable because it construed a property settlement agreement which expressly authorized an award of attorney's fees "*incurred* in connection" with "secur[ing] compliance" or a "breach" of the agreement. Id. at 383 (emphasis added). Code § 16.1-278.19 does not use the word "incurred."

meaning of the statute. We will not read additional requirements into Code § 16.1-278.19. See

Coles, 44 Va. App. at 557. See also Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 484

(2008) (reversing the denial of attorneys' fees under Code § 16.1-278.19 where the decision was not

based on "the statutory factor of the 'relative financial ability of the parties,'" but on a

"non-statutory standard . . . [that] the position of [the opposing party] was not unreasonable"). If the

General Assembly wanted to foreclose fee awards in cases involving legal aid organizations under

Code § 16.1-278.19, it could have expressly done so. See Brinn v. Tidewater Transp. Dist.

Comm'n, 242 F.3d 227, 232-34 (4th Cir. 2001) (construing a prior version of the Virginians with

Disabilities Act that *expressly* precluded recovery of attorneys' fees if plaintiffs were represented by

a government agency).

Other federal and state jurisdictions have reached similar conclusions. In Blum v. Stenson,

465 U.S. 886 (1984), the United States Supreme Court held that an award of attorneys' fees

calculated according to market rates was appropriate in a civil rights action where the litigants were

represented by a non-profit legal aid society. Id. at 894-95. The Supreme Court noted that it was

clear from the legislative history of the relevant statute, 42 U.S.C. § 1988, that "Congress did not

intend the calculation of fee awards to vary depending on whether [a] plaintiff was represented by

private counsel or by a non[-]profit legal services organization." Id. at 894.

> In determining the amount of fees to be awarded, it is not legally
> relevant that plaintiffs' counsel . . . are employed by . . . a privately
> funded non-profit public interest law firm. It is in the interest of the
> public that such law firms be awarded reasonable attorneys' fees to
> be computed in the traditional manner when its counsel perform legal
> services otherwise entitling them to the award of attorneys' fees.

Id. at 895 (quoting Davis v. County of Los Angeles, 8 E.P.D. 9444, 1974 WL 180, at *2 (C.D. Cal.

June 5, 1974)). See also Martinez v. Roscoe, 100 F.3d 121, 124 (10th Cir. 1996) (holding that

publicly funded legal aid organizations are entitled to attorneys' fees); Rodriguez v. Taylor, 569

F.2d. 1231, 1245 (3d. Cir. 1977) (stating that when attorneys' fees are authorized by statute and

there is evidence of an attorney-client relationship, the award must be made "without regard to whether the individual plaintiff initially assumed the financial burdens of representation").

State courts have similarly declined to impose a *per se* rule against awarding attorneys' fees where a party has received free legal services. See, e.g., Black v. Brooks, 827 N.W.2d 256, 264 (Neb. 2013) ("Numerous courts have held under a variety of statutory attorney fee provisions . . . that unless a statute expressly prohibits its fee awards to *pro bono* attorneys, the fact that representation is *pro bono* is never justification for denial of fees."); Henriquez v. Henriquez, 971 A.2d 345, 353 (Md. 2009) (construing fee provision in child custody statute and finding "nothing . . . that requires a court to consider the status of the legal services provided or whether a party actually incurred legal fees" and refusing to "insert a consideration not listed by the [legislature]"); Pearson v. Pearson, 488 S.E.2d 414, 426 (W. Va. 1997) (construing fee provision in divorce statute and finding no intent "express or implied, by the legislature that attorney's fees are not to be awarded to a party receiving free legal services"); Love v. Love, 370 So.2d 1231, 1231 (Fla. Dist. Ct. App. 1979) (stating, in a divorce case, that "[a]s to an award of attorney's fees, we see no reasonable basis on which to distinguish a client of a Legal Aid Society from one who retains private counsel").

Nothing in Code § 16.1-278.19 precluded the court from considering whether attorney's fees were warranted in this case. By construing the statute as a bar against awarding attorney's fees to mother, the court was guided by an erroneous legal conclusion. See Lambert, 293 Va. at 253; Leonard, 39 Va. App. at 148.

Mother requests that this Court remand the case and order the circuit court to award her attorney's fees. However, because the court determined it was statutorily precluded from considering mother's request, it did not exercise its discretion to determine whether an award would be "deem[ed] appropriate" under Code § 16.1-278.19. Additionally, the court did not consider

- 7 -

whether mother's request was reasonable.  See McGinnis v. McGinnis, 1 Va. App. 272, 277 (1985) ("[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record.").  Although we reverse the court's erroneous legal conclusion that mother was ineligible to receive an attorney's fees award under Code § 16.1-278.19, we express no opinion as to whether, on remand, an award is appropriate under the proper standard.  See Cook, 276 Va. at 484 n.11 (noting that the decision addresses "only the statutory standard under Code § 16.1-278.19 and expresses no opinion as to whether the [g]randparents, on remand, are entitled to any attorney's fees and costs upon application of the proper standard").  See also Alexander v. Flowers, 51 Va. App. 404, 416 (2008) (remanding "to the trial court for a determination of the appropriate amount of fees, if any, based upon the legal services rendered in the circuit and juvenile and domestic relations district courts and the financial abilities of the parties" and citing Code § 16.1-278.19).

## CONCLUSION

The circuit court erroneously determined that Code § 16.1-278.19 precludes an award of attorney's fees when a party is represented by a non-profit legal organization that does not charge for its services.  Because this was an abuse of discretion, we reverse the court's denial of mother's request for attorney's fees and remand the case to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

Haley, S.J., dissenting,

I respectfully dissent.

Code § 16.1-278.19 authorizes an "award of attorney's fees . . . on behalf of any party . . . ."[2] In implementing this provision, this Court has repeatedly in published decisions construed "party" to mean a party who has "incurred" legal fees. Most recently, in Mills v. Mills, 70 Va. App. 362, 384 (2019), the trial court's imposition of an award of the "attorney's fees incurred" was affirmed, and the cause remanded to "award husband the reasonable and necessary attorney's fees he incurred on appeal . . . ." See also, e.g., Kotara v. Kotara, 55 Va. App. 705, 710 (2010); Cartwright v. Cartwright, 49 Va. App, 25, 31 (2006). The Virginia Supreme Court has defined "incurred" in regard to automobile insurance policies covering medical expenses. "An expense can only be 'incurred' when one has paid it or become legally obligated to pay it." Virginia Farm Bureau Mut. Ins. Co. v. Hodges, 238 Va. 692, 696 (1989). This definition was quoted with approval in State Farm Mut. Ins. Co. v. Bowers, 255 Va. 581, 585 (1998). To "incur" means "[t]o suffer or bring on oneself (a liability or expense)." Incur, Black's Law Dictionary (10th ed. 2014).

The majority notes:

> "When interpreting statutory language that 'is plain and unambiguous, we are bound by the plain meaning of the statutory language.'" Coles v. Commonwealth, 44 Va. App. 549, 557 (2004) (quoting Beck v. Shelton, 267 Va. 482, 488 (2004)). In this circumstance, "we are not permitted to 'add or to subtract from the words used in the statute.'" Id. (quoting Posey v. Commonwealth, 123 Va. 551, 553 (1918)). "We must also assume that the legislature chose, with care, the words it used when it enacted the relevant statute." Barr v. Town & Country Props., Inc., 240 Va. 292, 295 (1990). See also Anderson v. Commonwealth, 182 Va. 560, 566 (1944) ("Courts are not permitted to rewrite statutes. This is a legislative function.").

---

[2] For an expansive definition of "party," see Jenerary v. Commonwealth, 262 Va. 418, 427-29 (2001).

The majority writes: "If the General Assembly wanted to foreclose fee awards in cases involving legal aid organizations under Code § 16.1-278.19 it could have expressly done so." But the precise reverse is also true: If the General Assembly wanted to authorize such payments to legal aid organizations it could have expressly done so.

Nadia G. Bahta is a party. But she is not a party who has incurred legal attorney's fees. Legal Services of Northern Virginia is not a party. I suggest the majority has not followed the admonitions they have quoted, and I re-quoted above. They have "added words" to Code § 16.1-278.19 and thus amended the statute. Believing this is solely a legislative function, I respectfully dissent.