COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Athey and Chaney
Argued at Norfolk, Virginia

PUBLISHED

MICHAEL ANGELO STREET

OPINION BY
v.        Record No. 1355-21-1        CHIEF JUDGE MARLA GRAFF DECKER
AUGUST 2, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

Charles E. Haden for appellant.

Matthew J. Beyrau, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Michael Angelo Street appeals his conviction for possession of a firearm after conviction

of a nonviolent felony in violation of Code § 18.2-308.2. He contends that the trial court erred

by denying his motion to suppress evidence found during a 2019 search of his vehicle. The

appellant suggests that Code § 4.1-1302(A), which took effect in 2021, applied retroactively and

rendered the evidence seized in 2019 inadmissible as evidence against him in his 2021 trial. We

hold that the 2021 statute, by its express terms, did not apply retroactively to the evidence seized

in the 2019 search. Consequently, we affirm the appellant's conviction.

I. BACKGROUND[1]

On November 15, 2019, Officer T.R. Powell of the City of Newport News Police

Department stopped a sport utility vehicle (SUV) because its registration had expired. The

---

[1] We view the facts, and all reasonable inferences flowing from them, in the light most
favorable to the Commonwealth, the prevailing party in the trial court. *See Mason v.
Commonwealth*, 291 Va. 362, 367 (2016).

appellant was the SUV's sole occupant. While talking with the appellant, Officer Powell noticed the odor of marijuana coming from the vehicle. Based on that odor, Powell searched the SUV and found a revolver. The appellant admitted that the firearm was his. He had a prior conviction for possession of cocaine and consequently was arrested on a warrant charging him with possession of a firearm after conviction of a nonviolent felony. He was indicted for the offense in 2020.

In August 2021, the appellant made a pretrial motion to suppress evidence. He asserted that a new statutory provision, which had taken effect earlier in 2021, rendered the search of his vehicle due solely to the odor of marijuana unlawful and, consequently, rendered the firearm and his related statements inadmissible at trial. The appellant argued that the new law was procedural and therefore applied retroactively. The trial court held that the statute was not retroactive and denied the motion to suppress.

Following the court's decision, the appellant entered a conditional guilty plea reserving his right to appeal the suppression ruling. The court found the appellant guilty and sentenced him to five years in prison with three years suspended.

## II. ANALYSIS

The appellant contends that the trial court improperly applied statutory retroactivity principles and, as a result, erroneously denied his motion to suppress evidence.

"When challenging the denial of a motion to suppress evidence on appeal, the defendant bears the burden of establishing that reversible error occurred." *Mason v. Commonwealth*, 291 Va. 362, 367 (2016). Appellate review of a suppression ruling involving a Fourth Amendment challenge presents a mixed question of law and fact. *See Saal v. Commonwealth*, 72 Va. App. 413, 421 (2020). When the relevant facts are undisputed on appeal, however, the issue is a pure question of law subject to *de novo* review. *See id.* Whether a statute should be applied

retroactively is also a question of law that an appellate court reviews *de novo*. *See Green v. Commonwealth*, 75 Va. App. 69, 76 (2022); *Taylor v. Commonwealth*, 44 Va. App. 179, 184 (2004).

The appellant argues that Code § 4.1-1302(A) applied retroactively to the 2019 search of his vehicle. As a result, he suggests that the trial court erred by denying his August 2021 motion to exclude the firearm and his related statements.

Code § 4.1-1302(A), which became effective on July 1, 2021, provides as follows:

> No law-enforcement officer . . . may lawfully stop, search, or seize any person, place, or thing and no search warrant may be issued solely on the basis of the odor of marijuana[,] and no evidence discovered or obtained pursuant to a violation of this subsection . . . shall be admissible in any trial, hearing, or other proceeding.

*See* 2021 Va. Acts Spec. Sess. I, chs. 550-51, cls. 1, 8. Prior to that date, from March 1 to June 30, 2021, Code § 18.2-250.1(F) set out similar provisions.[2] *See* 2020 Va. Acts Spec. Sess. I, chs. 45, 51 (enacting Code § 18.2-250.1(F)); Code § 1-214(B) (providing effective date); *see also Montgomery v. Commonwealth*, ___ Va. App. ___, ___ (July 26, 2022) (holding that Code § 18.2-250.1(F), the predecessor to Code § 4.1-1302(A), did not apply to a search conducted before the effective date of Code § 18.2-250.1(F)).[3] Key to this case is that neither statute was in effect at the time of the 2019 search in which the firearm was found in the appellant's vehicle.

---

[2] Code § 18.2-250.1(F) did not contain the language "and no search warrant may be issued." *See* 2020 Va. Acts Spec. Sess. I, chs. 45, 51. That language is not relevant in this case, which involved a search supported by exigent circumstances rather than a warrant.

[3] The General Assembly repealed Code § 18.2-250.1(F) and enacted Code § 4.1-1302(A) in a single piece of legislation. *See* 2021 Va. Acts Spec. Sess. I, chs. 550-51, cls. 1, 3, 8. "[W]here a statute is repealed, and all or some of its provisions are at the same time re-enacted, the re-enactment neutralizes the repeal, and the provisions . . . thus re-enacted continue in force without interruption . . . ." *Moore v. Commonwealth*, 155 Va. 1, 10 (1930) (quoting 25 *Ruling Case Law* § 186, at 934).

The "usual rule" regarding a new statute is "that legislation is . . . prospective" only. *Martin v. Hadix*, 527 U.S. 343, 357 (1999). The retroactivity of statutes is disfavored. *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021), *petition refused*, No. 211205 (Va. Apr. 28, 2022). A statute is retroactive only if the legislature includes an express provision or other clear language indicating that it applies retroactively. *See Washington v. Commonwealth*, 216 Va. 185, 193 (1975) ("[W]hen a statute is amended while an action is pending, the rights of the parties are to be decided in accordance with the law in effect when the action was begun, unless the amended statute shows a clear intention to vary such rights."), *quoted in Taylor*, 44 Va. App. at 184. In fact, "[e]very reasonable doubt is resolved against a retroactive operation of a statute, and words of a statute ought not to have a retrospective operation unless they are so clear, strong[,] and imperative that no other meaning can be annexed to them . . . ." *Taylor*, 44 Va. App. at 185 (first alteration in original) (quoting *Shilling v. Commonwealth*, 4 Va. App. 500, 507 (1987)); *see Green*, 75 Va. App. at 80 (holding that amendments to two sentence revocation statutes did not apply to a proceeding already underway on their effective date "because the plain language of [the statutes] lack[ed] any indication of retroactive intent"). Alternatively, barring clear language in a statute resolving whether it is retroactive, it may be determined to operate retroactively if it affects only remedial or procedural rights and no substantive or vested ones. *McCarthy*, 73 Va. App. at 647, 651.

In light of these principles, we turn to an examination of the statute at issue, Code § 4.1-1302(A).[4] Where possible, an appellate court analyzing a statute must determine legislative intent "from the plain meaning of the language used." *Hillman v. Commonwealth*, 68 Va. App. 585, 592-93 (2018) (quoting *Meeks v. Commonwealth*, 274 Va. 798, 802 (2007)). If

---

[4] We note that this Court's recent decision in *Montgomery*, ___ Va. App. at ___, holds that Code § 18.2-250.1(F), the predecessor to Code § 4.1-1302(A), did not apply to a search that occurred before its effective date on March 1, 2021.

the language is unambiguous, the reviewing court is "bound by th[at] plain meaning." *Coles v. Commonwealth*, 44 Va. App. 549, 557 (2004) (quoting *Beck v. Shelton*, 267 Va. 482, 488 (2004)). The examining court must "assume . . . the legislature chose, with care, the words it used when it enacted the relevant statute." *Chenevert v. Commonwealth*, 72 Va. App. 47, 57 (2020) (quoting *Williams v. Commonwealth*, 61 Va. App. 1, 7 (2012) (alteration in original)). In keeping with this principle, the court must "examine a statute in its entirety, rather than by isolating particular words or phrases." *Schwartz v. Commonwealth*, 45 Va. App. 407, 450 (2005) (quoting *Cummings v. Fulghum*, 261 Va. 73, 77 (2001)); *see City of Richmond v. Va. Elec. & Power Co.*, 292 Va. 70, 74-75 (2016). Consequently, "when the General Assembly has used words that have a plain meaning, courts cannot give those words a construction that amounts to holding that the General Assembly meant something other than that which it actually expressed." *Coles*, 44 Va. App. at 557 (quoting *Beck*, 267 Va. at 488). If the legislature's intent is discernable from the plain meaning of the words in the statute, we look no further.

Clearly, Code § 4.1-1302(A) does not contain an express statement indicating that it is to be applied retroactively. Examining the language of the statute as a whole actually leads to a contrary conclusion regarding the intent of the General Assembly. In a single sentence, the statute specifically provides in relevant part, first, that no law enforcement officer "may lawfully . . . search . . . any person, place, or thing . . . solely on the basis of the odor of marijuana" and, second, that "no evidence discovered or obtained *pursuant to a violation of this subsection* . . . shall be admissible in any trial, hearing, or other proceeding." Code § 4.1-1302(A) (emphasis added). In other words, the first portion of the statute (the "right" prong) gives individuals a new right to be free from searches that are based solely on the odor of marijuana. The second portion (the "remedy" prong) grants the remedy of exclusion of evidence for a violation of that specific new right.

The single sentence is clear and unambiguous, and provides the roadmap for its application. The ability to invoke the exclusionary "remedy" prong of the statute is expressly contingent upon "discover[y of the evidence] pursuant to a violation of [the 'right' prong of] this subsection." *Id.*; *see Montgomery*, ___ Va. App. at ___ (reaching this same conclusion with regard to identical language in Code § 18.2-250.1(F)). Further, the "right" prong—entitling individuals to be free from specified searches and seizures based solely on the odor of marijuana—did not exist prior to the effective date of the predecessor statute, Code § 18.2-250.1(F), on March 1, 2021. *See Montgomery*, ___ Va. App. at ___. *See generally Bunch v. Commonwealth*, 51 Va. App. 491, 496-97 (2008) (upholding a search under the Fourth Amendment based on the odor of marijuana). Simply put, the 2019 search could not violate a nonexistent statute, and the 2021 "remedy" provision contained first in Code § 18.2-250.1(F) and then in Code § 4.1-1302(A) consequently does not apply to that search. *See Montgomery*, ___ Va. App. at ___. As a result, a plain reading of the statute supports application of the general rule that it does not apply retroactively.[5]

If the legislature had wanted the remedy to apply retroactively, it could have said so explicitly or provided more generally that exclusion was required for "evidence obtained *in such a manner*" (based on odor). Instead, it provided that the remedy applies only with regard to evidence obtained specifically "*pursuant to a violation of this subsection*."[6] *See* Code

---

[5] Adopting the language used by another circuit court judge deciding a similar case, the trial court reasoned that "to apply . . . the[] statutorily-created exclusionary rule[]" to "conduct of the police [that was lawful] when undertaken in 2019 would not serve the purpose of the exclusionary rule" to "punish the police" and "deter wrongful police conduct" in the future. Although we do not look beyond the wording of a statute to determine legislative intent when, as here, that intent is clear, the rationale applied by the trial court provides a cogent explanation for the General Assembly's choice of wording in this new statute.

[6] Code § 1-238 supports this result by analogy. The first inclusion of the right and remedy provision in Code § 18.2-250.1(F) used language that "amended and reenacted" that statute. *See* 2020 Va. Acts Spec. Sess. I, chs. 45, 51, cl.1. A "'reenacted' statute . . . applie[s]

- 6 -

§ 4.1-1302(A) (emphasis added); Code § 18.2-250.1(F) (repealed by 2021 Va. Acts Spec. Sess. I, chs. 550-51, cl. 3); *Montgomery*, ___ Va. App. at ___ (analyzing the meaning of the "pursuant to a violation of this subsection" language in predecessor Code § 18.2-250.1(F)); *see also City of Charlottesville v. Payne*, 299 Va. 515, 531 (2021) ("[T]he General Assembly knows how to make its intent manifest that a statute has retroactive application."); *Green*, 75 Va. App. at 82 (noting that "[t]he words 'retroactive' or 'retroactively' [were] *nowhere* to be found in the statute [at issue]").

For related reasons, the General Assembly's use of the word "any" in the phrase of the "remedy" prong prohibiting "admissi[on of the evidence] in *any* trial, hearing, or other proceeding" is similarly limited in application by the earlier language in the sentence. *See* Code § 4.1-1302(A) (emphasis added); *see also* Code § 18.2-250.1(F) (repealed); *Montgomery*, ___ Va. App. at ___ (determining the meaning of "any" as used in predecessor Code § 18.2-250.1(F)). As noted, the statute's first prong creates the right that must have been violated.[7] Its second prong then uses that language to create the remedy for a violation. By doing so, that remedy restricts the scope of the trials and other proceedings to which the "any" applies. When the search of the appellant's vehicle took place in 2019, that search did not and

---

retroactively only if the bill . . . explicitly and unequivocally meets the requirements of" Code § 1-238. *Green*, 75 Va. App. at 81 (quoting *Berner v. Mills*, 265 Va. 408, 413 (2003)). Code § 1-238 in turn states that "changes enacted . . . are in addition to the existing substantive provisions . . . and are effective prospectively *unless the bill expressly provides that such changes are effective retroactively on a specified date.*" *See id.* (quoting Code § 1-238 (emphasis added)). The 2020 legislation reenacting Code § 18.2-250.1 and adding subsection (F) did not provide for retroactive application. *See* 2020 Va. Acts Spec. Sess. I, chs. 45, 51. Code § 1-238 therefore supports the conclusion that Code § 18.2-250.1(F) was not retroactive and, consequently, that the identical provision in Code § 4.1-1302(A) also is not.

[7] This right is a greater right than existed prior to enactment of the statute. *See Montgomery*, ___ Va. App. at ___. States are free to provide protections "beyond the level that the Fourth Amendment requires . . . exclusively as matters of state law." *Virginia v. Moore*, 553 U.S. 164, 171 (2008); *see Cooper v. California*, 386 U.S. 58, 62 (1967).

could not violate the nonexistent statute. Consequently, the "any" in the "remedy" prong is limited by the "right" prong, and the firearm was not subject to suppression.

The holding in *Sussex Community Services Association v. Virginia Society for Mentally Retarded Children, Inc.*, 251 Va. 240 (1996) (4:3 decision), does not require a different result. In *Sussex*, the Virginia Supreme Court interpreted the meaning of the word "any" in an unrelated statutory scheme. 251 Va. at 243. The Court held that inclusion of the word "any" showed an intent for the specific statute to apply "retrospective[ly]." *Id.* (quoting *Buenson Div. v. McCauley*, 221 Va. 430, 435 (1980)); *see also id.* at 244-45 (considering the legislative history of the particular statute, which showed that an earlier version had set out an effective date whereas the new version both removed that language and added the word "any").

Nothing in *Sussex* supports applying the holding in that case to the instant statute. The single sentence in Code § 4.1-1302(A), unlike the statute at issue in *Sussex*, contains two main parts. The language in the first part specifically controls and limits the meaning of the phrase "any trial, hearing, or other proceeding" in the second part. As a result, the meaning of the phrase "any trial, hearing, or other proceeding" applies only to the events described. This range of proceedings, although seemingly broad, is expressly limited to those in which the prosecution seeks to introduce evidence obtained in a search due solely to the odor of marijuana "pursuant to a violation of this subsection." *See* Code § 4.1-1302(A); *see also Smith v. McLaughlin*, 289 Va. 241, 264 (2015) (recognizing that the holding in *Sussex* that the word "any" generally applies without limitation is accurate "*unless the context indicates otherwise*" (emphasis added)); *Montgomery*, ___ Va. App. at ___ (recognizing that the meaning of "any" as used in the second part of Code § 18.2-250.1(A) was controlled by that part's "violation" language).

In sum, because the statutory prohibition on searches based solely on the odor of marijuana could not be violated before Code § 4.1-1302(A) or its predecessor took effect, the

General Assembly provided clear instruction that the accompanying exclusionary provision applies only prospectively. Therefore, under the express language of the statute, the trial court did not err by denying the appellant's motion to suppress the evidence obtained as a result of the search of his vehicle.

The appellant nonetheless argues that Code § 4.1-1302(A) and its predecessor set out a rule of evidence, making them purely "procedural in nature" within the meaning of Code § 1-239. Code § 1-239 provides in pertinent part that "proceedings . . . held" after a "new act of the General Assembly takes effect" "shall conform, so far as practicable, to the laws in force at the time of such proceedings."[8] Based on that language in Code § 1-239, the appellant suggests that the remedy prong of Code § 4.1-1302(A) must be applied retroactively.[9] As we have already determined, however, the statute unambiguously provides that it does not apply retroactively. Consequently, based on the express language of the statute, it is impossible, and therefore not "practicable" as that term is used in Code § 1-239, to apply the exclusionary

---

[8] This provision embodies the principle that a procedural statute, in practical effect, does not operate in true retroactive fashion. *See Montgomery*, ___ Va. App. at ___ & n.7 (discussing *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269-70 (1994), and the two related meanings of retroactivity). Instead, the new procedure applies prospectively to all proceedings that take place after its effective date without regard to whether the underlying cause of action accrued or the criminal offense occurred before the effective date. *See id.* at ___.

[9] The final clause of Code § 1-239 provides that "if any . . . punishment be mitigated by any provision of [a] new act . . . , such provision may, with the consent of the party affected, be applied to any judgment pronounced after the new act . . . takes effect." *See generally Green*, 75 Va. App. at 83 (observing that this clause in the predecessor statute to Code § 1-239 could not be applied "[w]ithout the concurrence of both parties" (quoting *Ruplenas v. Commonwealth*, 221 Va. 972, 977 (1981))). To the extent that the remedy prong of Code § 4.1-1302(A) might be characterized as "mitigat[ing]" "any . . . punishment" within the meaning of Code § 1-239, the appellant does not make such a claim, and we consequently do not consider it.

provision (the remedy prong) of Code § 4.1-1302(A) in this case.[10] *See generally Montgomery*, ___ Va. App. at ___ (discussing the retroactivity principles embodied in Code § 1-239).

The exclusionary provision of Code § 4.1-1302(A) does not entitle the appellant to suppression of the firearm found in his vehicle in 2019 because the statute, by its express terms, did not apply retroactively to the time of the search.

### III. CONCLUSION

The trial court did not err by denying the appellant's motion to suppress evidence. Code § 4.1-1302(A) does not expressly state that it is retroactive, and in fact it specifically provides for the exclusion only of evidence seized "pursuant to a violation of this subsection." Consequently, the subsection could not be violated before it or its predecessor took effect in 2021, well after the 2019 search at issue in this case. For these reasons, we affirm the appellant's conviction.

*Affirmed.*

---

[10] Because the language of the statute is clear, we do not examine the nature of its provisions to classify them as procedural or substantive for purposes of applying Code § 1-239. *See generally McCarthy*, 73 Va. App. at 647-48, 650 (discussing what qualifies as substantive and holding that if any part of a statute fits the definition, the statute does not apply retroactively); *Montgomery*, ___ Va. App. at ___ & n.12 (characterizing Code § 18.2-250.1(F), predecessor to Code § 4.1-1302(A), as "both substantive and procedural"); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 537 (7th Cir. 2007) (holding that enactments that "tell . . . governments to do certain things or abstain from certain conduct on pain of some sanction" are substantive); *cf. Buonocore v. Chesapeake & Potomac Tel. Co. of Va.*, 254 Va. 469, 471, 473 (1997) (in a suit for damages, equating the "substantive protection" provided by the Fourth Amendment proscription of unreasonable searches and a related state statute but holding that neither applied to private action); *Rivera v. Commonwealth*, 65 Va. App. 379, 384-85 & n.3 (2015) (in analyzing the retroactivity of a judicial decision, characterizing the reasonableness of a search as a question of "substantive Fourth Amendment" law).